THE PEOPLE ex rel. JOHN S. FOLK, Appellant, *v.* THE BOARD OF POLICE AND EXCISE OF THE CITY OF BROOKLYN, Respondent.

Upon the review of proceedings by a common law *certiorari*, only errors in law affecting materially the rights of the parties may be corrected. The evidence may be examined to determine whether there is any competent proof to justify the adjudication made ; but questions of fact as to which there is conflicting evidence or when conflicting inferences may be drawn from the facts or in matters of judgment or discretion, in a case justifying their exercise, cannot be reviewed.

To justify the removal of a member of the police force of the city of Brook-
lyn, under the provisions of the charter of said city of 1873 (§ 14, chap-
ter 863, Laws of 1873), conferring power upon the police board to remove
any member of the force for incapacity, etc., it is sufficient if the evi-
dence establishes a defect of capacity in such member for the particular
office ; it is not necessary to establish a defect of general capacity.

(Submitted April 16, 1877 ; decided April 24, 1877.)

Appeal from a judgment of the General Term of the
Supreme Court in the second judicial department, upon a
common law certiorari, affirming proceedings of defendant
in removing the relator from the office of superintendent of
police of the city of Brooklyn.

Charges were preferred against the relator in writing,
under the provisions of section 14 of chapter 863, Laws of
1873, which confers power upon the board of police and
excise of the city of Brooklyn to remove, on conviction, any
member of the force for any legal offence, neglect of duty,
violation of rules or incapacity. The charges were incom-
petence; neglect of duty; an offence against the laws of this
State, and violation of the rules of the department. A full
trial was had, and the relator appeared by counsel, who con-
ducted his defence, The evidence was voluminous, embrac-
ing the general management of the police force by the relator,
and his conduct in respect to various specified crimes which
had been committed, and in arresting and delivering a fugi-
tive criminal from England to a detective from that country,
without a warrant or the authority of extradition proceed-
ings. The defendant adjudged that the relator was " inca-
pacitated for the performance of the duties of his office," and
thereupon removed him.

*James Troy*, for the appellant. The right of the relator
to his office was vested on appointment, and could only be
taken away as prescribed by law. (Laws of 1873, chap. 866,
title 2, § 121.) The power of defendant was judicial, and it
could only act on proof. (*People ex rel. Miller* v. *Board
Police Com'rs*, Ct. App. Dec., 1876.) The writ of *certiorari*
was the proper remedy. (*People, etc.*, v. *Smith*, 45 N. Y.,

77, 67; *People, etc.*, v. *Board Police*, 39 id., 506; *People, etc.*, v. *Assessors of Albany*, 40 id., 154.)

*Anthony Barrett*, for the respondent.    Conclusions of fact upon conflicting evidence cannot be reviewed upon *certiorari*. (*People, etc.*, v. *Board Police*, 39 N. Y., 506; *People, etc.*, v. *Board Police*, 6 Hun, 229; *People, etc.*, v. *Board Police*, 5 id., 457.)    If there was any evidence to sustain the charges against the relator, and the legal rule upon which the defendant based its decision was not erroneous, the judgment should be affirmed.    (*People* v. *Allen*, 52 N. Y., 538; *People* v. *Supervisors of Madison County*, 51 id., 442; *People* v. *Assessors of Albany*, 40 id., 154; *People* v. *Assessors of Brooklyn*, 39 id., 81; *People* v. *Betts*, 55 id., 600; *Swift* v. *City of Poughkeepsie*, 37 id., 516.)    The court will not review upon a common law *certiorari* the decisions of the board in receiving or rejecting evidence.    (*People* v. *Highway Com'rs*, 30 N. Y., 72; *Birdsall* v. *Phillips*, 17 Wend., 464; *Prindle* v. *Anderson*, 19 id., 391.)

CHURCH, Ch. J.    This is an appeal from a judgment upon a common law certiorari, affirming proceedings of defendant in removing relator from the office of superintendent of the Brooklyn police force.    The statute (chap. 863, of the Laws of 1873, § 14) confers power upon the police board to remove on conviction any member of the force for any legal offence, neglect of duty, violation of rules or incapacity.    No question is made but that the board had jurisdiction of the person and of the subject matter.    The accused had a full, and as we must presume, a fair trial, and had the benefit of counsel to conduct his defence.    The evidence is quite voluminous, embracing the general management of the police force by the relator, and his conduct in respect to various specified crimes, which had been committed, and in arresting and delivering a fugitive criminal from England to a detective from that country, without a warrant or the authority of extradition proceedings.    The board adjudged that the relator was

"incapacitated for the performance of the duties of his office," and thereupon removed him.

The only point presented for the consideration of this court is, that the finding was not justified by the evidence. After a careful consideration of the evidence, and an examination of the authorities, I am convinced that this is not a case where this court can rightfully interfere with the decision of the board. The office of a common law certiorari has been very much enlarged by the later decisions in this State, but there is no authority holding that questions of fact from conflicting evidence, or conflicting inferences which may be drawn from facts, or matters of judgment or discretion in a case justifying their exercise, can be reviewed. Only errors in law affecting materially the rights of the parties may be corrected, and the evidence may be examined in order to determine whether there is any competent proof to justify the adjudication made. (39 N. Y., 506; 45 N. Y., 766.) This case involved the competency of the relator for the office of superintendent of the police force, an office requiring peculiar and superior qualifications. A person may have good character, excellent habits, good intentions, sufficient general intelligence, and even in many respects be a good officer, and yet not be adapted to the proper discharge of the important duties of superintendent of police. The relator may possess many, if not all, of the specified qualifications.

There is nothing culpable or criminal either in omission or commission clearly established, and it would be difficult for me to find from the evidence a want of capacity. Yet there are facts disclosed from which an inference of want of proper capacity might be drawn by those possessing superior knowledge upon the subject, and this necessarily refers it to the judgment and skill of the members of the board, who are presumed to be competent, and who are responsible in some degree for the most efficient working of the force. It is not needful that we should concur on the merits in their finding in order to affirm their judgment. It is enough if there is any evidence to warrant their finding. It would be imprac-

ticable for this court to grope through the evidence and consider the numerous acts of the relator, done under a great variety of circumstances, and determine intelligently the question of capacity. It was not necessary to establish a defect of general capacity, but a defect of capacity for this particular office, and whether the evidence established such a defect it is impossible for this court to determine.

There was much evidence given of what the relator did, and what he omitted to do, and the board were called upon to say from his whole conduct, as disclosed in connection with the surrounding circumstances, what degree of capacity as superintendent it established, and whether in their judgment that was sufficient for the proper discharge of the duties of his office.

This being the nature of the evidence and the character of the questions involved, we deem it unnecessary. to review the evidence in detail.

Our conclusion is, that we cannot say as matter of law that the evidence was not sufficient, and the judgment must be affirmed.

All concur.

Judgment affirmed.