THE PEOPLE OF THE STATE OF NEW YORK ex rel. HENRY S. EDWARDS *v.* CHARLES O. POTTER, COMMISSIONER OF HIGHWAYS, ETC., RESPONDENT.

*Laying out highways — errors in drawing the names of the jurors—when the proceedings are not invalidated by such errors — 2 R. S. (7th ed.), 1239, 1240 — 1881 chap.* 696.

The statute relating to the laying out of highways provides that the town clerk shall, "in the presence of a justice of the peace or one of the commissioners of highways of the town, deposit in a box the names of all persons then residents of his town, whose names are on the lists, filed in said town clerk's office, of those selected and returned as jurors, * * * who are not interested in the lands through which such road is to pass or be located, nor of kin to the owner thereof, and shall publicly, in the presence of such justice of the peace or commissioner, draw therefrom the names of twelve persons, and shall make a certificate of such names."

When the names, from which were drawn the jurors by whom the necessity of the highway in this case was certified, were deposited in the box, the clerk omitted to place therein the names of fifteen persons which appeared upon the jury lists, upon the ground that they had signed the application for the laying out of the highway, and were, therefore, incompetent to act as jurors. The owner of the land to be taken was present and objected to the omission of these names from the box. Upon a *certiorari*, brought by him to review

the proceedings under which his land was condemned, the failure of the clerk to deposit these names in the box was alleged as a ground of error.

*Held*, that the objection was untenable.  (KENNEDY, J., dissenting.)

The name of one person whose name appeared on the list of jurors was omitted by a clerical mistake.

*Held*, that as it was not shown that the relator was injured by the failure of the clerk to put this name in the box, the proceedings were not invalidated by his failure to do so.  (KENNEDY, J., dissenting.)

CERTIORARI to review an order made by the commissioner of highways of the town of Franklin in proceedings taken for the laying out of a highway in said town.

*Robert T. Johnson*, for the relator.

*Edwin D. Wagner*, for the respondent.

FOLLETT, J.:

An application was made to the highway commissioner of the town of Franklin, to lay a public highway through the inclosed and improved land of the relator.  September 23, 1882, the sole highway commissioner, the town clerk and a justice of the peace of the town, met to draw a jury to inquire and certify as to the necessity of the proposed highway, pursuant to the Revised Statutes, as amended by section 1 of chapter 696 of the Laws of 1881.  (2 R. S. [7th ed.], 1239.)  The section provides: "At the time and place mentioned the town clerk of such town, having received such notice that such jury is to be drawn, shall, in the presence of a justice of the peace or one of the commissioners of highways of the town, deposit in a box the names of all persons then residents of his town whose names are on the lists filed in said town clerk's office, of those selected and returned as jurors, pursuant to article second, title four, chapter seven, part third of the Revised Statutes, who are not interested in the lands through which such road is to pass or be located, nor of kin to the owner thereof, and shall publicly, in the presence of such justice of the peace or commissioner, draw therefrom the names of twelve persons, and shall make a certificate of such names and the purposes for which they were drawn, and shall deliver the same to the person asking for the jury, and the applicant for such jury shall pay to the said town clerk one dollar for drawing such jury."

The relator was present at the drawing with his counsel. The clerk deposited in a box the names of all of the trial jurors of the town, except nineteen, fifteen of whom had signed the application for the highway, two of whom were of kin to the relator within the sixth degree, one of whom was then a non-resident of the town, and one of whom, "Adam Lambrecht, or Lambert, was omitted by clerical error, the justice omitted to read the names." The counsel for the relator objected to the leaving out of the box  *  *  *  each and all the names of the jurors mentioned. It does not appear that the relator or his counsel knew of the omission of the name of Lambrecht or Lambert before the drawing, or raised any special objection to the omission of this, or any particular name, or specified any ground of objection to the omission of this or any name. The jurors drawn were duly summoned, and met October 19, 1882, of which the relator had due notice. The twelve jurors were sworn, examined the route of the proposed highway, and eleven certified that the proposed highway was necessary and proper. The commissioner designated November 13, 1882, as a day on which he would decide upon the necessity of laying out the highway, of which the relator had due notice, and on which day the highway was laid out. March 10, 1883, the relator applied for and obtained this writ, because of the omission of the nineteen names from the jury box.

A statute should receive a reasonable construction, one promoting instead of defeating its purposes. The end to be attained by the part of the statute quoted is the securing of an impartial jury to pass upon the necessity of the proposed highway. It is a fundamental principle of the common and statute law of this and of all civilized governments that a man shall not be a judge or a juror in his own case; and the courts will not hold that the legislature have abrogated this principle, unless it is plainly declared by statute. The language of this statute does not evince a design to permit parties to proceedings to lay out highways, to act as jurors in proceedings instituted by them. Applicants are, to all legal intents and purposes, parties. If the jury fails to certify that the proposed highway is necessary, the applicants are liable for the costs of the proceedings. (2 R. S. [7th ed.], 1240, 1241.) It is very plain that applicants are not proper persons to serve as jurors and decide a

question which they have predetermined, and in the decision of which they have a direct pecuniary interest. The statute contains no provision for challenging, or excluding from the jury, persons drawn; the intent being to exclude disqualified persons from the box before the drawing. The term, "who are not interested in the lands through which such road is to pass, or be located," does not limit the class to persons interested in the land as owners, occupants or lienors, but includes all persons having a direct personal and pecuniary interest in having the lands taken for the purpose of a highway. The names of the applicants were properly excluded from the box from which the jury was drawn.

The name of Adam Lambrecht, or Lambert, was omitted by a clerical error. It does not appear that the relator or any person called the attention of the officers to this omission at the time; if it had been, the presumption is that the name would have been placed in the box. It is not shown or claimed that the relator was injured by this clerical mistake. It is not claimed that any of the persons who were drawn and served as jurors were disqualified or partial. This harmless clerical error did not invalidate the proceedings. A construction of this statute, so technical as contended for by the relator, would amount to a practical nullification of it. Suppose that the name of some person of kin to the relator, whose kinship was unknown to the officers, had been placed in the box and twelve competent persons then drawn and served, would it be held that the jury was illegal and the subsequent proceedings null and void by reason of this or a like mistake? We think not. An irregularity, mistake or error in the organization of a jury, insufficient to invalidate an indictment for a felony, should not be held sufficient to invalidate a proceeding like this. (*People* v. *Petrea*, 92 N. Y., 128.)

The order of the commissioner should be affirmed, with costs against the relator.

Hardin, P. J. :

Section 723 of the Code of Civil Procedure declares "the court must disregard an error or defect in the pleadings or other proceedings which does not *affect* the substantial rights of the adverse party." What were the relator's "substantial rights?" To have

a fair, true and impartial jury. Did he not have it? If so has he been injured by any irregularity in drawing a jury?

Again, section 2140 of the Code of Civil Procedure declares what questions shall be determined by the appellate court upon *certiorari,* and among them is, whether "any rule of law affecting the rights of the parties thereto has been violated to the prejudice of the relator?" Even before the Code it was held on a common law *certiorari,* "only errors in law affecting materially the rights of the parties may be corrected." (*People ex rel. Folk* v. *Board of Police,* 69 N. Y., 408; *People ex rel. Cook* v. *Board of Police,* 39 id., 506.)

The language of Judge Andrews, in *People* v. *Petrea* (92 N. Y., 143), viz.: "Nothing could well be more unsubstantial than the alleged right asserted by the defendant under the circumstances of the case," may aptly be applied and followed.

These views, together with the reasoning of brother Follett, lead me to concur with him and to vote for an affirmance, with fifty dollars costs against the relator.

Kennedy, J. (dissenting):

The only question in this case is, were the proceedings in drawing the jury, who certified to the necessity of said highway, in conformity to the requirements of the statute, and did the commissioners acquire jurisdiction to make the order laying out the same.

The statute relating to the laying out of highways, as amended by chapter 696 of the Laws of 1881, under which these proceedings were had, after certain preliminaries in regard to the manner of obtaining a jury, provides: "That at the time and place mentioned, the town clerk of such town having received such notice that such jury is to be drawn, shall, in the presence of a justice of the peace, or one of the commissioners of highways of the town, deposit in a box the names of all persons then residents of his town, whose names are on the list filed in said town clerk's office, of those selected and returned as jurors (pursuant to the statute therein referred to), who are not interested in the lands through which said road is to pass or be located, nor of kin to the owner thereof, and shall publicly, in the presence of said justice of the peace or com-

missioner, draw from said box the names of twelve persons, etc., who shall compose the jury."

The town clerk neglected to deposit in the box the name of Adam Lambede or Lambert, whose name appeared in said jury list, as the return states, " through a clerical error the justice omitted to read the name." He also omitted to place in said box the names of fifteen other persons whose names appeared in said jury list, all of whom, including said Lambert or Lambede. were then residents of said town, although the relator was there present and requested that all said names be placed in said box. The ground of such refusal and omission by the clerk was a decision by him that said fifteen persons having signed the application were not competent jurors, although they were not within the disqualifications imposed, not being interested in the lands or of kin to the owner.

The statute further provides if nine or more of the persons who shall have been so drawn, not interested in the lands through which the road is to pass nor of kin to the owner, shall appear at the time and place specified in the summons, they shall be sworn as a jury. If the jury so formed shall certify to the necessity of the highway, the commissioners must, within thirty days from the date thereof, proceed to lay out said highway. The requirements of the statute must be complied with in obtaining the jury, else the commissioners will acquire no jurisdiction.

It is well settled that where the legislature has delegated the power to take the lands of a citizen *in invitum*, and appropriate it to the use of the public, all the prescribed prerequisites to the exercise of that power must be strictly observed and conformed to. (*In the Matter of the Application of the City of Buffalo, etc.*, 78 N. Y., 362 ; *Miller* v. *Brown*, 56 id., 383; *Matter of Marsh*, 71 id., 315.)

The manner of obtaining the jury is defined by statute and its provisions are imperative and must be complied with, in order to confer jurisdiction upon the commissioner ; the town clerk performing a ministerial duty only, is to put in a box the names of all persons, residents of the town, whose names appear upon the jury list made up as required by the statute, not interested in the lands through which the road is to pass, or of kin to the owner. Were the fifteen persons who applied for the laying out of the same

within the exceptions? We think not. They did not become interested in the land by signing the petition; having done so, it is quite probable that it might be urged as an objection to their sitting as jurors to pass upon the question of the necessity for the road, but the statute does not disqualify them from acting for that reason. It is true no right of challenge exists to any of the twelve drawn and appearing. The jury provided for is not a common-law jury, since it may be composed of less than twelve, and it is fair to presume that the legislature in omitting to use the term interested in the question, or one of like import, intended that because a freeholder has signed an application, it presented no objection and furnished no reason why under oath he might not properly pass upon the question. Upon the question of the necessity of a highway, the laying out of which is applied for, it may be fairly inferred that many, and perhaps most of the inhabitants in the town, entertain an opinion upon the question, yet such opinion, if entertained, does not, under the statute disqualify them as jurors. At all events, whatever the intent may have been, it seems quite certain that these names could not properly be left out of the box, and the omission to place them in it is a fatal objection to the order in question. The leaving out the name of Lambede or Lambert, through a clerical error, which we assume to mean in spelling the name, subjects the proceedings to the same criticism. If from any cause one name may be left out of the box, two or ten may with equal propriety, and the provisions of the statute thus evaded.

The relator was present and requested that the names be placed in the box. If any objection existed to their competency, he alone was the person to interpose it, and he would hardly be in a position to avail himself of it afterwards and when the jury was drawn. At all events, it was not the duty of the clerk to pass upon the question; his duties were not judicial. It follows, that a jury not having been obtained in the manner provided by law, the commissioner acquired no jurisdiction in the premises, and that the order laying out said highway should be vacated and annulled, with costs.

Order affirmed and writ of *certiorari* dismissed, with fifty dollars costs.