THE PEOPLE, ex rel. ROBERT L. KENT, Respondent, v. THE BOARD OF FIRE COMMISSIONERS, Appellant.

The provision of the Code of Civil Procedure (§ 2141), authorizing the court, upon a hearing on return to a writ of *certiorari*, to " make a final order annulling or confirming, wholly or partly, or modifying the determination reviewed," does not authorize the review or modification of the determination of inferior jurisdictions in matters within that jurisdiction which are confided to their discretion.

Said provision is to be read in connection with the preceding one (§ 2140), which defines the questions which may be determined by the court upon *certiorari*, and simply gives power to correct an erroneous adjudication instead of reversing it absolutely.

Where, therefore, the General Term, on *certiorari* to review an order of the board of fire commissioners of the city of New York dismissing the relator from service as fireman, modified the order by directing his suspension for six months, and there was no question of jurisdiction, procedure or evidence, giving to the General Term jurisdiction to interfere with the order, *held* error.

(Argued June 17, 1885 ; decided October 6, 1885.)

APPEAL from order of the General Term of the Supreme Court, in the first judicial department, made the first Monday of March, 1885, which modified an order of the board of fire commissioners of the city of New York, dismissing the relator from service as fireman.

The nature of the modification and the material facts are stated in the opinion.

*D. J. Dean* for appellant. The fire commissioners had jurisdiction to make the order dismissing the relator, and in their proceedings have complied with every condition pre-

scribed in the statute which defines their powers.  (Consolidation Act, § 440.)  It was the province of the commissioners to decide whether or not intoxication was proven, and since the General Term assented to the finding of guilty, and differed only as to the amount of punishment to be inflicted, it must be considered on this appeal that the proof was sufficient to authorize the determination that the relator was intoxicated. (*People, ex rel. Murphy,* v. *Fire Com'rs,* 92 N. Y. 306.) The law confers upon the commissioners the power to determine the punishment to be inflicted, and it is not within the province of the court to modify the order of the commissioners in such respect, when it does not reverse the finding of the commissioners upon questions of fact.  (*People, ex rel. Hart,* v. *Fire Com'rs,* 82 N. Y. 358; *People, ex rel. Masterson,* v. *Fire Com'rs,* 96 id. 644; *People, ex rel. Folk,* v. *Board of Police,* 69 id. 411; 82 id. 255; *People, ex rel. Jackson,* v. *Grant,* Daily Reg., January 22, 1884; *People, ex rel.* v. *Board of Police,* 39 N. Y. 517; 82 id. 358.)  The matters charged and proved against the relator were of a sufficiently grave and serious character to warrant his removal. (Consolidation Act, § 454.)  As in the case at bar the court found no defect of jurisdiction or irregularity of procedure, or deficiency of proof, it has no power to modify the order. (Code, § 2140; *Whitehead* v. *Kennedy,* 69 N. Y. 462; *Cassin* v. *Delano,* 38 id. 178; *Moffett* v. *Sackett,* 18 id. 522; *People, ex rel. Masterson,* v. *Fire Com'rs,* 96 id. 644.)

*Wm. King Hall* for respondent.  The proceedings of the board of fire commissioners in dismissing the relator, a member of the uniformed force, are reviewable by writ of *certiorari.* (Code of Civ. Pro., chap. 16, tit. 2, §§ 7, 2120, 2138.)  The proceedings are reviewable. (Code of Civ. Pro., § 2140; *People, ex rel.* v. *Jourdan,* 1 Civ. Pro. Rep. 328; *People, ex rel.* v. *Fire Com'rs,* 30 Hun, 376; affirmed, 96 N. Y. 666; *People, ex rel.* v. *Porter,* 25 Hun, 602; *People, ex rel.* v. *Board of Police,* 72 N. Y. 415; 39 id. 506; 45 id. 777; *People, ex rel.* v. *Board of Fire Com'rs,* 96 id. 672.)  The court below had

power to modify the determination reviewed. (Code of Civ. Pro., §§ 12, 194, 330, 1317, 2141 ; *People* v. *Ferris*, 35 N. Y. 218.)

ANDREWS, J. The relator was duly charged with having been under the influence of liquor while engaged in the performance of official duty at the Star Theatre to such an extent as to render him unable to perform the duty for which he was detailed. The charge was publicly examined by the commissioners, upon notice to the relator, and in his presence. The testimony tended to sustain it. The relator admitted that he drank a glass of liquor before going to the theatre, but claimed that he did it because he was unwell. There was some conflict as to the extent of the intoxication. It is not claimed that illegal evidence was admitted, or that any rule of law was violated by the commissioners in the course of the proceedings. The proceedings, trial and judgment were in all respects regular, and the commissioners in dismissing the relator, kept within their jurisdiction. The intoxication of a policeman while on duty, to an extent sufficient to interfere with its performance, is a violation of the rules of the department, and the statute makes the violation by a member of the force, of such rules, or neglect of duty, or conduct injurious to the public welfare, or any conduct unbecoming an officer, punishable by the board, by reprimand, forfeiture of pay for a period not exceeding ten days, or dismissal from the force. There was no question either of jurisdiction, procedure or evidence upon which the General Term could interfere with the decision of the commissioner, it, however, modified the sentence by substituting in place of dismissal from the force (the punishment imposed by the commissioners), suspension from duty without pay for the period of six months. The only question is whether the General Term had power to review the discretion of the commissioners in respect to the punishment, and impose a milder punishment upon its view of the circumstances and gravity of the offense. It is clear that no power was vested in the General Term to review the discretion of the commissioners, unless given by section 2141 of

the Code of Civil Procedure. It was originally held in this State that on a common-law *certiorari* to review the judicial action of boards, commissioners or inferior officers, the court was limited to the question of jurisdiction. The scope of the proceeding was subsequently enlarged, and it came to be held that the court would look into the proceedings to see whether any rule of law had been violated, or whether there was an absence of evidence to support the adjudication. (*People* v. *Board of Police*, 39 N. Y. 506; *People* v. *Same*, 72 id. 416; *People* v. *Board of Fire Com'rs*, 82 id. 358.) But questions of fact arising on conflicting evidence, or matters of judgment or discretion, were held not to be reviewable. (*People* v. *Board of Police*, 69 N. Y. 408.) This was the state of the law when section 2141 of the Code was enacted. It is contained in the article relating to the writ of *certiorari*, and is as follows: "The court on the hearing may make a final order, annulling or confirming, wholly or partly, or modifying the determination reviewed, as to any or all of the parties." This section considered alone would justify the action of the General Term and subject the adjudication of inferior jurisdictions to the supervisory power of the court, whether resting in discretion or depending upon legal principles. If this was intended, the section greatly enlarges the scope of the writ, and vests in the court a jurisdiction which it never before possessed. But reading section 2141 in connection with section 2140, which defines the questions which may be determined by the court, it seems quite clear that section 2141 is an auxiliary section, enacted merely to complete and supplement the jurisdiction conferred by the previous section, and to remove a doubt which might be entertained in view of the prior decisions as to the power of the court on *certiorari*, to correct an erroneous adjudication, instead of reversing it absolutely. Reading the two sections together the result is that section 2140 regulates the jurisdiction of the court in respect to the questions to be reviewed, and section 2141, the mode in which its determination may be declared and its judgment made effectual. The latter section was not we think

intended to confer jurisdiction over subjects other than those embraced in section 2140, or to change the settled policy of the law that the determinations of inferior jurisdictions in matters confided to their discretion are not reviewable on *certiorari.*

The order of the General Term should therefore be reversed, and that of the commissioners confirmed.

All concur.

Ordered accordingly.