PEOPLE *ex rel.* BURNS *v.* PURROY *et al.*

(*Superior Court of New York City, General Term. July 5, 1892.*)

FIRE COMMISSIONERS' JURISDICTION— CONSOLIDATION ACT—APPEAL.

Laws 1882, c. 410, (Consolidation Act,) § 440, relating to the government and discipline of the fire department, gives the board of fire commissioners discretionary power, on conviction of a fireman of neglect of duty or misconduct, "to punish * * * by reprimand * * * or dismissal from the force." *Held*, where the evidence warranted conviction, that the board could determine the nature and extent of punishment, which determination is not reviewable on appeal; Code Civil Proc. § 2141, authorizing the court on hearing on return to a writ of *certiorari* "to

make a final order annulling or modifying the determination reviewed," containing no provision for any interference in matters confided to the discretion of such board. *People* v. *Board of Fire Com'rs*, 2 N. E. Rep. 613, 100 N. Y. 82, followed.

*Certiorari* by Richard Burns to review the decision of Henry D. Purroy and others, constituting the board of fire commissioners, convicting relator of misconduct as a fireman and dismissing from the force. Writ dismissed.

Argued before FREEDMAN, DUGRO, and GILDERSLEEVE, JJ.

*Louis J. Grant*, for relator.    *William L. Findley*, for respondents.

GILDERSLEEVE, J.    The relator was a member of the fire department of the city of New York.    Charges were preferred against him of committing two separate assaults on a superior officer, when called to duty by said superior officer, at the quarters of Engine Company 29, on August 4, 1891.    He was tried before the board of fire commissioners, found guilty, and dismissed from the force.    If the relator was guilty of the misconduct charged against him, the respondents had jurisdiction to make the order dismissing him from the force.    Consolidation Act, § 440.[1]    As far as the evidence shows, they complied with all the formalities required by the statute.    The inquiry was before the board of commissioners; the charges were in writing; the examination was public; the accused had due notice thereof, and was present, and took part in the investigation; and the trial was conducted in a fair and impartial manner.    Section 440, *supra.*    That the two men—relator and his said superior officer—fought at the quarters of Engine Company 29, when the former was ordered by the latter to duty, is not disputed; but each claims that the other was the aggressor.    The relator was found guilty of a charge which clearly amounted to a "breach of discipline" and "conduct injurious to the public peace and welfare," for which, under section 440 of the consolidation act, he could be dismissed from the force.    The preponderance of evidence indicates that the relator was guilty of an act of insubordination and breach of discipline that was not justified by the circumstances of the case, and sustains the conclusions of the commissioners as to his guilt.    If the board of commissioners were warranted in finding the relator guilty, as we think is the fact, they were authorized to determine the nature and extent of the punishment within the limits of the statute, and that determination is not reviewable here.    The provisions of section 2141 of the Code of Civil Procedure, authorizing the court, upon a hearing on return to a writ of *certiorari*, "to make a final order annulling or confirming wholly or partly, or modifying, the determination reviewed," do not authorize the review or modification of the determination of inferior jurisdictions in matters within their jurisdiction, which are confided to their discretion.    *People* v. *Board of Fire Com'rs*, 100 N. Y. 82, 2 N. E. Rep. 613.    And if it were within our power to modify the mode of punishment, we should be very cautious in exercising that power.    The government of the fire department assimilates to that required in the control of the police force, or in the control of a military body, and the interference of an extraneous power in its practical control and direction must, as a general rule, be mischievous, and destructive of the discipline and habits of obedience which should govern its subordinate members.    *People* v. *Police Com'rs*, (N. Y. App.) 18 N. E. Rep. 133.    We are of opinion that the writ must be dismissed, and the judgment of the board of fire commissioners affirmed, with $50 costs and disbursements.

[1] Laws 1882, (Consolidation Act,) § 440, relating to the government and discipline of the New York fire department, gives the board of fire commissioners discretionary power, on conviction of a fireman "of any legal offense or neglect of duty, * * * disobedience of orders, * * * conduct injurious to the public peace or welfare, * * * or other breach of discipline, to punish the offending party by reprimand * * * or dismissal from the force."