By the Court.—Gildersleeve, J.
The relator was a member of the fire department of the city of New York. Charges were preferred against him of committing two separate assaults on a superior officer, when called to duty by said superior officer, at the quarters of engine company 29, on August 4, 1891. He was tried before the board of fire commissioners, found guilty, and dismissed from the force.
If the relator was guilty of the misconduct charged against him, the respondents had jurisdiction to make the order dismissing him from the force. Consolidation Act, § 440. As far as the evidence shows, they complied with all the formalities required by the statute. The inquiry was before the board of commissioners ; the charges were in writing; the examination was public; the accused had due notice thereof, and was present, and took part in the investigation ; and the trial was conducted in a fair and impartial manner. § 440, supra. That the two men, relator and his said superior officer, fought at the quarters of engine company 29, when the former was ordered by the latter to duty, is not disputed; but each claims that the other was the aggressor. The relator was found guilty of a charge, which clearly amounted to a “ breach of discipline ” and ce conduct injurious to the public peace and welfare,” for which, under *286 section 440 of the Consolidation Act, he could he dismissed from the force. The preponderance of evidence indicates that the relator was guilty of an act of insubordination and breach of discipline, that was not justified by the circumstances of the case, and sustains the conclusions of the commissioners as to his guilt.
If the board of commissioners were warranted in finding the relator guilty, as we think is the fact, they were authorized to determine the nature and extent of the punishment, within the limits of the statute, and that determination is not reviewable here. The provisions of section 2141 of the Code of Civil Procedure, authorizing the court, upon a hearing on return to a writ of certiorari, •“ to make a final order annulling or confirming wholly or partly, or modifying, the determination reviewed,” do not authorize the review or modification of the determination of inferior jurisdictions in matters, within their jurisdiction, which are confided to their discretion. People ex rel. Kent v. Board of Fire Commissioners, 100 N. Y., 82.
And if it were within our power to modify the mode of punishment, we should be very cautious in exercising that power. The government of the fire department assimilates to that required in the control of the police force, or in the control of a military body, and the interference of an extraneous power in its practical control and direction must, as a general rule, be mischievous and destructive of the discipline and habits of obedience which should govern its subordinate members. People ex rel. Masterson v. French, 18 N. Y. State R., 234.
We are of opinion that the writ must be dismissed, and the judgment of the board of fire commissioners affirmed, with fifty dollars costs and disbursements.
Freedman, P. J., and Dugro, J., concurred.