PEOPLE ex rel. KIDD et al. v. COMMISSIONERS OF EXCISE OF TOWN OF MONTGOMERY.

(Supreme Court, Special Term, Orange County.    May, 1893.)

INTOXICATING LIQUORS—REFUSAL OF LICENSE—CERTIORARI.

> Laws 1893, c. 481, provides that the refusal of commissioners of excise to grant a liquor license may be reviewed on certiorari, and their action reversed, where the license has been "arbitrarily or unreasonably refused," but gives the court no power of independent inquiry. *Held,* that the hearing in such case must be on the writ, the return, and the papers on which the writ was granted, as provided by Code Civil Proc. § 2138, relating to writs of certiorari, and therefore the refusal of a license will not be disturbed, where the commissioners, in their returns, state as a reason for the refusal that they determined by a majority vote not to grant any licenses, as that is a question resting in their discretion.

Certiorari by Alexander Kidd and others to review the action of the commissioners of excise of the town of Montgomery, Orange county, in refusing to grant applications for licenses to sell intoxicating liquors in said town. Affirmed.

Green & Bedell, for relators.

Wm. D. Dickey, for respondents.

BROWN, J. The amendment to the excise law (chapter 481, Laws 1893) gives to applicants for license, whose applications are rejected by the commissioners, a right to a certiorari to review the

decision of the commissioners. The scope and purpose of a writ of certiorari, and the questions which, under it, are presented for review, have been settled by a long line of judicial decisions. Originally, the court was limited to a review of questions relating solely to the jurisdiction of the inferior court or tribunal; but the scope of the proceeding was subsequently enlarged by decisions of the courts, and questions of law were reviewed, and the evidence was examined, for the purpose of ascertaining whether it gave support to the decision complained of. But questions of fact, depending upon conflicting evidence, and matters resting in the judgment or discretion of the inferior court, were not reviewable. People v. Board of Police, 69 N. Y. 408; People v. Board of Fire Com'rs, 100 N. Y. 82, 2 N. E. Rep. 613. The questions to be determined upon a hearing upon this writ are now specifically stated in section 2140 of the Code. They are all legal questions, and the Code does not permit a review of matters committed by law to the judgment or discretion of the lower tribunal. Of course, the legislature may enlarge the scope of the writ, and the power of the court under it, and in some cases (notably in the statute of 1880, permitting a review of assessments of property) have done so. In that act, power is given to the court to take evidence, and to make a new assessment. In the act under which this proceeding is brought, no power of independent inquiry is given to the court. It is limited solely to a review as an appellate tribunal; and it is authorized to reverse the action of the commissioners when the application for a license has been "arbitrarily or unreasonably refused."

This brings us to the consideration of what facts are before the court. The Code provides (section 2138) that the hearing must be had upon the writ and return, and the papers upon which the writ was granted. The petition for the writ in the cases before the court contains a great mass of facts that are not pertinent to the review. All that the petition can properly contain, or bring to the notice of the court, are facts which show that a proper case exists for issuing the writ. This conclusion follows from section 2139 of the Code, which provides that affidavits can be presented to the court only when the person whose duty to make the return is dead, or has left the state, or upon matters relating to the jurisdiction of the tribunal whose determination is to be reviewed. The court is therefore, in the cases before it, confined to a consideration of the return to the writ made by the commissioners. It cannot go behind that to ascertain the facts. It appears from the return that the commissioners refused licenses to the applicants for the reason that they determined, by a majority vote, not to grant any licenses in their town. This was a question which rested solely in their discretion, and their determination thereon cannot be reversed upon appeal. While "local option" does not exist, in the strict meaning of that term, in this state, there is practical local option in each town. The question whether the sale of liquor will be permitted in a town, and, if so, to what extent, must necessarily be decided by the commissioners before they determine

particular applications. This question the law commits to the judgment of the commissioners, and the provision of law which permits the election of excise commissioners in each town, and the choice of one or more each year, permits the frequent expression of public sentiment on that subject through the ballot box. The commissioners may therefore be presumed to fairly represent the public opinion of the town on that question, and it would be a great wrong for the court to reverse their action. The case is not analogous to a decision of a court on a question relating to property or personal rights. A litigant has a right to have his particular claim decided, but no person has a right to a license, nor to have the particular facts surrounding his application considered on its merits, until the question whether the sale of liquor will be permitted at all in the town in which he resides has been decided. And if the commissioners conclude, as they have done in the town of Montgomery, that they will grant no licenses, their determination on that question is final and conclusive, and cannot be reviewed or reversed by the court. The decision of the commissioners must be affirmed.