The People of the State of New York ex rel. Oscar C. Wood, Appellant, v. The Board of Commissioners of Excise of the Town of Randolph, Respondent.

*Local option — local prohibition — election of no-license excise commissioners — duty as to refusing licenses — section 41 of the Excise Law of 1892 (Chap. 401).*

The provision of section 41 of the Excise Law of 1892 (Chap. 401), that "nothing herein, except § 31, shall in any manner apply to any town where the majority of voters have voted for or hereafter vote for local prohibition until such town shall reverse by vote such local prohibition," apparently recognizes the right of each town to establish local prohibition by the vote of its electors without any special provision of law prescribing the mode of taking such vote.

Under the system of local option and local prohibition existing at the time of the enactment of the above provision, and apparently recognized and sanctioned thereby, it is the right of the electors of a town, under the act of 1892, at the annual election of town excise commissioners, to exercise their choice in the election of no-license commissioners, and when that has been done, the commissioners so elected are both legally and morally bound to refuse all licenses to sell liquor in their town.

If, however, the Legislature has not so far recognized and sanctioned the existing system of local option as to give to the vote of a town the force of law and make it absolutely binding upon commissioners elected as no-license commissioners, still commissioners so elected are justified in giving to such vote a controlling effect in the exercise of their discretion whether to grant or refuse licenses in their town.

APPEAL by the relator, Oscar C. Wood, from an order of the Supreme Court, made at Special Term and entered in the office of the clerk of Cattaraugus county on the 4th day of September, 1893, dismissing his proceedings by writ of certiorari to review the action of the board of commissioners of excise of the town of Randolph in denying his application for a hotel license.

*William H. Henderson*, for the appellant.

*D. C. Reilly*, for the respondent.

DWIGHT, P. J.:

The return of the commissioners is to the effect that they were elected as no-license commissioners, and that for that reason they felt it to be their duty, "both in a legal and moral sense," to refuse to grant the license applied for.   We think the order of the Special Term dismissing the proceedings was well based upon such return and should be affirmed.

Section 41 of the Excise Law of 1892 (Laws of 1892, chap. 401) is as follows:  "Local Option. Nothing herein, except § 31, shall in any manner apply to any town where the majority of voters have voted for, or hereafter vote for, local prohibition until such town shall reverse by vote such local prohibition."   Section 31, referred to, makes it a misdemeanor to sell intoxicating liquor without a license.

The section 41 above quoted is in all material respects a transcript of section 6 of the Excise Law of 1873 (Laws of 1873, chap. 549), with the omission of the words "*in accordance with any law providing for such voting*," which, in the act of 1873, occurs after the words "vote for local prohibition."   In other words, the act of 1873 recognized and gave effect to the vote of any town for local prohibition only when such vote was given in accordance with some existing law providing therefor; whereas the act of 1892, by omitting the qualification mentioned, apparently recognized the right of each town to establish local prohibition by the vote of its electors without any special provision of law prescribing the mode of taking such vote.

The recognition, if intended, was certainly in accordance with the practical effect which had been given to existing laws for many

years.   The act of 1873 was followed in 1874 by the provision for the election in each town of separate officers designated as commissioners of excise, to be voted for on a separate ballot, which should be deposited in a separate box marked "excise."   (Laws of 1874, chap. 444, §§ 1, 2.)

The court will take judicial cognizance of the fact as part of the contemporary history of the State, that ever since the last-mentioned act became a law, the people of the State have given to its provisions (in connection with that before quoted from the act of 1873) the effect of establishing a system of local option; and that, accordingly, ever since 1874, the annual election of commissioners of excise in the towns has been made the occasion of an expression, at the polls, of the sentiment of the town for or against the granting of licenses for the sale of liquor. .This has been done by each elector's casting his vote in favor of commissioners known and understood to be, respectively, in favor of or opposed to the granting of licenses.

And thus "local option" everywhere, and "local prohibition" wherever the expressed will of the electors has demanded it, have come to be accomplished facts, in this State, known of all men.

It would seem, therefore, to be something like an impeachment either of the good faith or of the good sense of the Legislature of 1892, to suppose that, in re-enacting section 6 of the act of 1873 — especially with the significant omission of the qualification above mentioned — it did not intend to recognize the existing, actual and practical system of local option which had been in force throughout the State for nearly a score of years.

If we assume that such was the intention of the Legislature then, under the system of local option thus recognized and sanctioned, it was the right of the electors of the town of Randolph to exercise their choice in the election of no-license commissioners; and, having done so, the commissioners so elected were — as they have testified, they felt themselves to be — both legally and morally bound to refuse all licenses to sell liquor in their town.

This view of the meaning and effect of the provision quoted from the statute of 1892 has been maintained with much force in several cases at Special Term within the past year.   (See *People ex rel. Watkins* v. *Commissioners of Warsaw*, 54 N. Y. St. Repr.

202; *People ex rel. Davis* v. *Truman et al.,* 53 id. 726.) In the latter of these cases FORBES, J., and in the former WARD, J., have so elaborated the statement of the grounds of their decision that we deem it only necessary to refer to their opinions for further argument of the questions there presented.

But if it should be held that the Legislature has not so far recognized and sanctioned the existing system of local option as to give to the vote of the town the force of law, and make it absolutely binding upon the commissioners, yet we can have no doubt that the commissioners were justified in giving to such vote a controlling effect in the exercise of their discretion whether to grant or refuse licenses in their town (*People ex rel. Kidd* v. *Commissioners of Montgomery,* 25 N. Y. Supp. 873), and we find nothing in the return of the commissioners in this case which necessarily opposes the conclusion that they refused the application of the relator in the exercise of a just discretion based upon a proper consideration of the views and wishes of the electors of the town as demonstrated in their own election.

The order appealed from should be affirmed, with costs to the respondents.

LEWIS and HAIGHT, JJ., concurred.

Order appealed from affirmed, with costs.