THE PEOPLE OF THE STATE OF NEW YORK ex rel. ARVIN RICE, as Survivor of the Firm of HOWE & RICE, v. THE BOARD OF AUDITORS OF THE TOWN OF HANNIBAL, New York.

*Town auditors — final rejection of a claim — certiorari — it will not lie after the certificate of audited accounts has been delivered to the board of supervisors.*

A firm of attorneys were employed by the supervisor of a town to recover against the county taxes collected from a railroad corporation which, as alleged, were improperly applicable to the use of the county.

For services rendered in this matter a bill was presented by the survivor of the firm to the town auditors and was allowed, but such allowance was rescinded upon the protest of certain taxpayers, who urged that the bill was not itemized, and also that the time spent in the rendition of the services did not appear. The bill was, thereafter itemized as to expenses, but not as to services; was again presented to the board of town auditors, and was rejected because it was not itemized as to services, contained no evidence of value except the statement of the applicant, and was excessive. The board, however, allowed evidence as to value to be given by another attorney, and about one-quarter of the claim, which was what it deemed a reasonable compensation, was allowed.

Upon the hearing of a *certiorari* obtained by the survivor of the firm, after the certificate of audited accounts had been already delivered to the supervisors of the county, to review the determination of the town auditors:

*Held,* that, upon the facts, the action of the board amounted to a rejection of the claim, except as to the sum allowed, and that it constituted a final determination of the matter upon its merits.

That, after the certificate of accounts audited by the town auditors had been delivered by the board to the supervisors of the county, the jurisdiction of the town auditors was at an end, and a writ of *certiorari* then granted was ineffectual for any purpose.

Certiorari issued upon the petition of Arvin Rice, survivor of the firm of Howe & Rice, to review the determination of William R. Wilson, Supervisor; Chauncey L. Fetterly, Town Clerk; Levi

Brackett, Arthur A. Clark, Robert Gifford and George A. Leonard, Justices of the Peace of the town of Hannibal, constituting the Board of Auditors of the Town of Hannibal, in the county of Oswego, N. Y., in auditing, at the sum of fifty-six dollars, a claim for legal services rendered by the firm of Howe & Rice to the said board.

*Piper & Rice,* for the relator.

*D. D. Metcalf,* for the respondent.

Martin, J. :

The relator was the survivor of the firm of Howe & Rice, who were attorneys of this court. They were employed by the supervisor of the town of Hannibal to commence an action in his name against the board of supervisors and county treasurer of Oswego county to recover certain taxes which had been collected of the Rome, Watertown and Ogdensburg Railroad Company and improperly applied for the use and benefit of the county. The action was commenced, and was by them prosecuted to judgment, and the plaintiff had a recovery. Similar actions were commenced and prosecuted to judgment by the relator for the towns of Oswego, Hastings and Sandy Creek.

Afterwards, and on the 5th day of November, 1891, the relator, as such survivor, presented to the town auditors of the town of Hannibal a bill of $200 for the services and expenses of the firm in conducting that action. Without examination of the relator's bill, or discussion by the board, a motion was adopted allowing him the full amount. On the same day several citizens of the town of Hannibal appeared before the board of auditors and protested against the auditing and allowing of the relator's claim on the grounds · 1. " The bill for services was not itemized. 2. That the bill for services and expenses were not separated or given in items, nor the kind of services or time spent in such services given." The bill was then examined by the board and decided not to be in accordance with the requirements of the statute. The resolution allowing the bill was thereupon rescinded, and the board adjourned until November 14, 1891, for a rehearing of the relator on his claim. The chairman of the board was instructed by it to notify the relator

of its action and to request him to itemize his bill. The chairman was also instructed to inquire into the employment of the relator and the facts and circumstances relating to his claim.

On the 14th of November, 1891, the board met pursuant to such adjournment, and its chairman reported that he had notified the relator of the adjournment and requirements in relation to his bill, and that the relator informed him that he would itemize the bill for the expenses, but could not itemize it so far as it related to services. The relator did not appear before the board, but had a statement presented containing an itemized account of the expenses contained in his claim, but not as to the services. His claim for services was stated : " For services, $192."

The chairman then stated that he had inquired of Eli P. Barrett, the then late supervisor of the town, as to the relator's employment, or the employment of his firm, and that he was informed by Barrett that no amount of compensation was agreed upon, but that Barrett had been solicited by the relator and by other supervisors to place the matter in the relator's hands, as the suits of the four different towns could be tried nearly as cheap as one, and it would make it less expensive for each town, and that the relator represented that the suits would not be expensive. The chairman also stated to the board that he had learned that there was no separate trial for the town of Hannibal, but that the suits by the towns of Hannibal, Oswego, Hastings and Sandy Creek were all tried and disposed of at one time, and the whole trial or hearing occupied less than one day.

At this time several of the citizens of the town of Hannibal again appeared before the board and objected to the auditing and allowing of the relator's claim on the grounds : " 1. The bill for services is not itemized according to law. 2. There is no length of time given in the bill in which service was performed for the town, nor the kind or items of such labor given ; and, therefore, there is no evidence before the board of the value of the labor so performed, except the statement in the affidavit of the relator. 3. That the bill is excessive and for a greater sum than the value of the labor performed." The board then inquired of N. B. Brower, a counselor of this court, as to the relator's claim, and Brower informed it that he was familiar with the litigation and suit out of which the relator's

bill arose, and explained it to the board at length. He also stated that, aside from the expenses and what had been previously paid the relator or his firm, that $192 was a full and fair price and compensation for the preparation and trial of all four of the suits tried.

A motion was then made that the items of expenses contained in the relator's bill be allowed at the full amount, which was eight dollars, and that the claim for $192 dollars for services be rejected for the reason that it was not itemized and contained no evidence of value save the relator's statement, and was, in the judgment of the board, excessive, but that forty-eight dollars be audited and allowed to the relator as that town's share or part of the relator's compensation for the preparation and trial aforesaid and for said claim. This motion was unanimously adopted, and the fifty-six dollars so audited and allowed was placed upon the town abstract of accounts allowed against the town, delivered to the supervisor of the town and presented by him to the board of supervisors of Oswego county. The amount thereof was levied upon the town, collected and tendered to the relator, who refused to receive it.

On December 30, 1891, the relator obtained a writ of *certiorari* to review the action of the board, and asks this court to make a final order modifying the determination of the board by awarding to him the sum of $200, with interest and costs, and directing the same to be levied and collected from the taxable property of the town as. other town charges are levied and collected.

The respondent contends that the determination of the board of audit upon the relator's claim was, at most, a technical rejection of his claim, for the reason that it was not properly itemized, and, therefore, not such a final determination as would prevent a subsequent presentation of his claim for services, or would justify the issuing of a writ of *certiorari*. An examination of the determination made discloses that the board of audit allowed the portion of the relator's bill or claim that related to the expenses at the full amount claimed, but rejected the portion of his claim for $192 for services, for the reason that it was not itemized and contained no evidence of value except the relator's statement, and was, in the judgment of the board, excessive. It also contained this further provision : " But that $48 be audited and allowed to the relator as this

town's share or part of the relator's compensation for the preparation and trial aforesaid, and for said claim."

That the action of the board was final as to the expenses there can be no doubt; but of its action in that respect no complaint is made. If the rejection of the relator's claim for services had stood alone upon the ground of the insufficiency of the proof as to its nature, extent and value, the relator would doubtless have been in a position to have again presented his claim. The board, however, went farther, and while it rejected his claim for $192 upon that ground, it allowed him forty-eight dollars on his claim as the town's share of the relator's compensation. When we consider the whole determination together, we are disposed to think that the action of the board of audit amounted to a rejection of the relator's claim, except as to forty-eight dollars thereof allowed, and that it constituted a final determination of the matter on its merits.

Assuming that the determination of the auditors was final, the question is presented whether the relator can, by *certiorari*, obtain the relief sought, the certificate of audited accounts having been previously delivered to the supervisors. In *Osterhoudt* v. *Rigney* (98 N. Y., 222), ANDREWS, J., in discussing this question, said: "But not only is the issuing of the writ discretionary, but to be effectual it must be prosecuted while the board of audit has jurisdiction of the proceedings. Its jurisdiction of accounts presented for audit terminates with the delivery to the supervisor of the schedule of audited accounts, and after that has been done, a *certiorari* directed to the board would be fruitless. * * * The remedy by *certiorari*, therefore, must be taken, if at all, before the delivery of the certificate of audited accounts to the supervisor." (See, also, *People ex rel. Weekes* v. *Supervisors Queens Co.*, 82 N. Y., 275; *People ex rel. Raplee* v. *Reddy*, 43 Barb., 539; *People ex rel. Gale* v. *Supervisors Rensselaer Co.*, 34 Hun, 266; *People ex rel. Porter* v. *Tompkins*, 40 id., 228.) As the certificate of audited accounts was delivered to the supervisor, and by him delivered to the board of supervisors of Oswego county before the writ in this case was issued, it would seem to follow that the proceedings herein should be dismissed, and the writ quashed.

Moreover, when we examine the merits of this controversy, it appears that the board of audit, when it examined the relator's bill,

found that his claim for services and expenses was not itemized, and contained nothing to show the character of the labor performed, except that it was performed in the suit mentioned, nor to show the time spent either by his firm or the counsel in the case in the preparation and trial, or the value of the services of either the firm or the counsel. Under these circumstances the board rescinded its former action in allowing the claim, adjourned until November fourteenth for a rehearing of the relator on his bill, and instructed its chairman to notify the relator fo its action, and to request him to itemize his bill. Such notice was given. The relator itemized his bill as to the expenses, but not as to the services. He neither attended before the board, nor gave any evidence as to the value of the services rendered by him. The board then made inquiries as to the services performed and their value, and thereupon allowed the relator the full value of the services according to the information received.

If the merits of this controversy were before us, it would be difficult to see how, upon the facts as shown by the appeal-book, the relator is entitled to the relief sought. The board of auditors seem to have acted in good faith, and diligently sought, as best they could, to inform themselves as to the value of the services rendered, while the relator neglected to furnish the board any evidence of the amount of services performed or their value.

We are of the opinion that the writ should be quashed and the proceedings dismissed.

Hardin, P. J., and Merwin, J., concurred.

Writ quashed and proceedings dismissed, with costs.