The People of the State of New York ex rel. John S. Cochran v. The Board of Town Auditors of the Town of Pelham.

The People of the State of New York ex rel. John Donlon v. The Board of Town Auditors of the Town of Pelham.

The People of the State of New York ex rel. Michael J. Lynch v. The Board of Town Auditors of the Town of Pelham.

74 83
81 384

74 83
33ap280
35ap 75

74 83
45ap 48

74h 83
49ad 5

74h 83
53ad623

74h 83
166a 171

74h 83
80 AD³283

*Board of town auditors — jurisdiction thereof — audit of each item of a claim — procedure — verification — reversal of determination — claims properly disallowed — review of its proceedings by certiorari.*

A board of town auditors is a tribunal created by statute to allow or reject claims presented against the town Its jurisdiction is original, and in determining as to the liability of the town it acts judicially All claims against the town must be presented to and audited by the board, and none can be collected until audited and allowed by it

The auditing of a claim signifies a hearing on examination, and includes its adjustment or allowance, disallowance or rejection.

84 PEOPLE ex rel. COCHRAN *v.* TOWN AUDITORS.

SECOND DEPARTMENT, DECEMBER TERM, 1893. [Vol. 74.

There is no mode of procedure prescribed by which a board of town auditors is to take proof or obtain knowledge respecting the validity of any claim presented for audit. It is the habit of such bodies to seek information from any quarter where it is obtainable, and presumably the practice is legitimate. Its members must acquire knowledge to enable them to act with wisdom in subservience to established rules. They may act upon their own knowledge acquired by observation.

The verification of a claim has no obligatory force and may be disregarded.

A claimant is entitled to the judgment of the board on each item of his claim.

Although a court may reverse the determination of a board of auditors even upon questions of fact, it can only do so where there is a preponderance of evidence against its determination.

Each of three persons presented a bill for services as a commissioner of highways of a town to the board of auditors thereof. These bills specified the date when the services were claimed to have been rendered, and the charge for each day, but did not specify the particular services or duties performed, and such persons refused to give more specific information than that such services were rendered upon the highways of the town. Such bills charged for services rendered on every week day in December after the seventh, and substantially on every week day in January and February.

The board of town auditors audited such bills, and every item thereof, disallowing each one of such items.

*Held,* that there was overwhelming evidence against such claims, and the board of auditors was justified in disallowing them;

That to secure a review of the action of a board of town auditors by certiorari, the writ must be obtained while the board yet retains jurisdiction of the proceedings. Such jurisdiction terminates with the delivery of the abstract of accounts to the clerk of the board of supervisors, which is the last act of the board of auditors, and after such delivery a writ of certiorari will be ineffectual and fruitless.

CERTIORARI issued upon the petition of John S. Cochran, John Donlon and Michael J. Lynch to review the determination of Sherman T. Pell, supervisor, Ethan W. Waterhouse, town clerk, John P. Hawkins, Charles H. Whaun, Gustave I. Karbach and Jerome Bell, justices of the peace of the town of Pelham, constituting the board of auditors of the town of Pelham in the county of Westchester, N. Y., in auditing and disallowing each and every item of the respective claims of the petitioners for services as highway commissioners, for services alleged to have been rendered by each of them to the said town.

*Michael J. Tierney,* for the relators.

*Isaac N. Mills,* for the respondent.

PEOPLE ex rel. COCHRAN *v.* TOWN AUDITORS. 85

Hun.]         SECOND DEPARTMENT, DECEMBER TERM, 1893

DYKMAN, J. :

These are proceedings by writ of certiorari to review the action of the board of town auditors of the town of Pelham in Westchester county, by which the claims of these three relators for services as commissioners of highways of that town were disallowed and rejected.

The facts upon which our decision must be based are undisputed. These relators each presented a bill to the board of town auditors for services as commissioner of highways. Those bills specified the date when the services were claimed to have been rendered and the charge for each day, but did not specify the particular service or duty performed. As the bills failed to name any place where the services were rendered, and the auditors had knowledge that no appropriation was made for highway purposes in the years covered by the bills, they were not satisfied that the services for which the charges were made, or any of them, had been rendered.

Thereupon they passed a resolution requiring their clerk to notify the relators to appear before them on a certain day. They were so notified, and they appeared in pursuance of such notification. They were then examined by the board of auditors in relation to their bills, and requested to specify the places where their services were rendered.

In reply to such request the relators simply stated that their services were rendered upon the highways of the town of Pelham, and declined to furnish more specific information.

Thereafter the board continued the consideration of the bills from time to time until the 22d day of December, 1892, when they audited the bills and every item thereof, and disallowed each one of the items.

The defendants state in their return that they disallowed each and every item of the account, because they did not believe that any day's services therein charged had been in fact rendered. That in so acting upon such bills and accounts they intended to pass upon and audit each and every item thereof upon the merits, and upon the matters of fact and evidence set forth in the return.

They then state that they made and signed a certificate to the effect that the accounts had been wholly rejected by the town board and filed the same in the office of the town clerk.

86 PEOPLE ex rel. COCHRAN v. TOWN AUDITORS.

Second Department, December Term, 1893    [Vol. 74.

There is no claim here that any legal rule of action or procedure has been violated by the board of auditors or that they have adopted any erroneous principle in their action. The claim of the relators is that the board has rejected the claims without sufficient reason. We must determine whether they have done so.

These relators were commissioners of highways and their compensation is fixed by law at one dollar and fifty cents a day, as there were three in the town. (Laws of 1892, vol. 2, p. 2264, chap. 569, § 178.) Therefore, the only open question for the determination of the board of auditors was the number of days actually and necessarily spent by the relators in the performance of their official duties. With that question the auditors grappled and struggled. They knew that but little money was expended upon the roads during the period covered by the bills, and they could not ascertain where any labor upon them had required the services of the relators.

These auditors reside in the town and are supposed to possess or acquire such knowledge as shall be essential to enable them to discharge their duties wisely and justly. All claims against the town must be presented to and audited by the board, and none can be collected or enforced until it is audited and allowed by that body, which is a tribunal created by statute to hear, allow or reject claims presented against the town. Its jurisdiction is original, and in determining as to the liability of the town it acts judicially. (*People ex rel. Myers* v. *Barnes*, 114 N. Y. 323.)

The auditing of a claim signifies a hearing on examination, and includes its adjustment, or allowance, disallowance or rejection. (*Myers* v. *Barnes, supra.*)

While the board of town auditors is a court organized for the auditing of claims presented against the town, there is yet no mode of procedure prescribed by which it is to take proof or obtain knowledge respecting the validity of any claim presented for audit.

It is the habit of such bodies to seek information from any quarter where it is obtainable, and we presume the practice is legitimate; they must acquire knowledge to enable them to act with wisdom in subservience to established rules. They may act upon their own knowledge acquired by observation. Town assessors act in the same way respecting the valuation of property to be assessed.

In this case the town auditors were in the possession of knowledge

PEOPLE ex rel. COCHRAN *v.* TOWN AUDITORS. 87

Hun.]          SECOND DEPARTMENT, DECEMBER TERM, 1893.

which satisfied them that no time had been necessarily spent by the relators, and yet they had laid before them bills in which the relator Cochran charged for ten days in October, 1891, every week day in November of that year, except two, every week day in December, 1891, and January and February, 1892, which are months in which no duties are performed in this climate respecting the highways. Twelve days in March, 1892, and almost every week day in April, May, June and September, 1892, and more than half of the days in July, 1892.

The bill of the relator Lynch is made out in substantially the same way, especially in relation to charges for every week day in December, 1891, after the seventh, and substantially every week day in January and February, 1892.

The bill of the relator Donlon is substantially in the same form down to March, 1892.

The bills were false and fraudulent within the knowledge of the auditors, and when the relators were called before them to give information, they only said the services were rendered upon the highways of the town of Pelham. That statement was false, because no work could be done upon such highways during the winter months.

Moreover, the bills of the relators are all for services rendered as commissioners of highways, which means official services, and it was simply impossible for them to spend the number of days for which they have charged in the necessary discharge of their official duties.

Their statement to the board was a confession of falsity; when requested to specify their services they failed to do so, and such failure resulted evidently from disability. If their claim had been honest, a specification of their services would have been simple and easy.

Under such circumstances how can we interfere? While it is true that we can reverse the determination of the board even upon questions of fact, yet we can only do so where we find a preponderance of evidence against it. (*People ex rel. McAleer* v. *French,* 119 N. Y. 502.)

Here we find overwhelming evidence against the claims. No appellate court would interfere with the verdict of a petit jury with such evidence behind it. The verification of the claims has no

88 PEOPLE ex rel. COCHRAN v. TOWN AUDITORS.

Second Department, December Term, 1893. [Vol. 74.

obligatory force and may be disregarded. (*People ex rel. Bently* v. *Whalen*, 5 Wkly. Dig. 410.)

The case of *The People ex rel. Thurston* v. *The Town Auditors of Elmira* (82 N. Y. 82) is much like this and the teaching of the decisions is favorable to the determination of the defendant here. In that case the auditors allowed the relator a gross sum, without allowing or disallowing any specific item of the account, and without deciding that any definite and particular days were not necessarily spent in the service of the town.

The court held that such action was not a legitimate performance of the duty of the board, and that a claimant was entitled to the judgment of the board of auditors upon each item of his claim.

That is just what these relators have received; the board of auditors audited, examined and disallowed each and every item of the accounts presented by these relators, and it is entirely evident they could have justly reached no other conclusion.

Instead of finding their determination erroneous and unsupported we think the facts and circumstances within the knowledge of the auditors, and disclosed by the record before us, would justify no other conclusion.

The falsity of the bills is stamped upon their very face, and the auditors have performed a meritorious service in protecting the taxpayers against the imposition of an unjust burden.

We have thus examined and determined the case upon the merits, because we thought it due to the parties interested and the questions involved, but we have not overlooked a legal obstruction in the path of the relators which we deem insurmountable.

To secure a review of the action of a board of town auditors by certiorari the writ must be obtained while yet the board retains jurisdiction of the proceedings. Such jurisdiction terminates with the delivery of the abstract of accounts to the clerk of the board of supervisors, which is the last act of the board of auditors. (Laws of 1892, vol. 2, p. 2261, chap. 569, § 170.)

After such delivery, therefore, the writ will be ineffectual and fruitless. (*Osterhoudt* v. *Rigney*, 98 N. Y. 230 ; *People ex rel. Rice* v. *Auditors*, 65 Hun, 418; *People ex rel. Weekes* v. *Supervisors of Queens Co.*, 82 N. Y. 277.)

The board of town auditors of the town of Pelham delivered the

abstract of the accounts and claims presented to and audited by the board to the clerk of the board of supervisors of Westchester county on the 16th day of January, 1893.

The amount allowed was levied and included in the warrant of the town collector before February 27, 1893. Such warrant was delivered to the collector and he was engaged in its execution before the 15th day of April, 1893, when the application was made for this writ of certiorari. The certiorari, therefore, brought nothing up for review, because the jurisdiction of the board of town auditors over these claims had terminated and nothing remained before that body. (*The People ex rel. Onderdonk* v. *Supervisors of Queens Co.*, 1 Hill, 198.)

The determination of the board should be affirmed, with costs against the relator in each case.

BARNARD, P. J., and PRATT, J., concurred.

Proceedings affirmed, with costs.