### AT

# GENERAL TERM,

## October, 1894.

81 383
35ap 75

81h 383
80 AD¹283

THE PEOPLE OF THE STATE OF NEW YORK ex rel. THE OPPEN-
HEIMER PUBLISHING AND PRINTING COMPANY, *v.* GEORGE POPLE,
as Supervisor of the Town of Flushing, and Others, Composing
the Board of Town Auditors of the said Town of Flushing,
Queens County.

*Auditing of a claim by a town board of auditors — the board is not confined to the
claimant's estimate — presumption as to its knowledge — review of an award.*

In the examination and auditing of the items of a claim presented to a town
board of auditors, and in fixing and allowing a sum therefor, the board is not
necessarily confined to the claimant's estimate of the value of the work, and it
may be presumed that a town board of auditors has some knowledge as to the
prices ordinarily charged and paid for printing ballots and election supplies.

A town board of auditors, in auditing a claim presented to it, acts judicially, and
while the court has the power to review its decision upon the facts, its judg-
ment should not be overruled unless it is clear that it has erred.

CERTIORARI issued out of the Supreme Court and attested on the
19th day of June, 1894, directed to George Pople, as supervisor of
the town of Flushing, and others, composing the board of town
auditors of the said town of Flushing, Queens county, commanding
them to certify and return to the office of the clerk of the county
of Queens their proceedings, decisions and actions relative to the
auditing of the claim of the relator, The Oppenheimer Publishing
and Printing Company, against the town of Flushing, showing why
they unjustly audited and reduced the claims presented by the rela-

tor, and why they disallowed and refused to audit certain claims presented by the said relator to such town for payment.

*John J. Gleason*, for the relator, appellant.

*A. N. Weller*, for the respondents.

BROWN, P. J.:

This proceeding is a certiorari to review the action of the board of town auditors in auditing and allowing the claim of the relator.

The claim was for printing ballots and other necessary supplies for the town election held in April, 1893.

The ballots were printed under a special contract for three dollars and forty cents per thousand, and the total amount charged for that work was not in dispute, and was allowed as it was stated in the bill.

The other supplies were grouped under thirteen different heads, and the amounts charged were in each instance materially reduced by the board of audit. The only question before us is whether the board should have allowed the claim at the sums charged for the work.

It does not appear from the papers before us that there was any oral testimony before the auditors as to the reasonable value of the service, or the prices generally paid for such work.

The bill when presented was verified by the treasurer of the relator. His affidavit stated that the account was correct; that the services had been rendered, and that no part thereof had been paid. The return states that, upon presentation of the bill, the relator was informed by the board of audit that it regarded the charges as excessive, and that it would hear the claimant upon the items of the bill; that the claimant's president appeared before the board and produced samples of the work, and argued in support of the charges. He was not sworn, nor did he produce any witness as to the value of the work, and the claim was, therefore, submitted to the board.

We are of the opinion that the action of the board must be sustained. They examined and audited each item of the account, and, in fixing the sum allowed, they were not necessarily confined to the claimant's estimate of the value of the work.

It was said in *People ex rel. Cochran* v. *Town Auditors of Pel-*

*ham* (74 Hun, 83) that "it is the habit of such bodies to seek information from any quarter where it is obtainable, and we presume the practice is legitimate. * * * They may act upon their own knowledge acquired by observation." And it is a fair presumption that the respondents had some knowledge as to the prices ordinarily charged and paid for printing ballots and election supplies.

And there was in the facts before the board evidence which sustains the conclusion that some of the charges were excessive. The contract price for printing the ballots was three dollars and forty cents per thousand, but for printing sample ballots the relator had charged nearly four times that amount.

No explanation appears in the appeal papers for this very material increase in the charges, although the learned counsel for the relator made one upon the argument; but the facts were for the consideration of the auditors, and we cannot interfere with their judgment. Samples of the work are contained in the appeal book, and in many instances the charges appear to us to be excessive.

The respondents, in auditing the claim, acted judicially; and while we have the power to review their decision upon the facts, their judgment should not be overruled unless it is clear that they have erred.

We are satisfied in this case with their conclusion, and their award should be sustained.

DYKMAN and CULLEN, JJ., concurred.

Award affirmed, with costs.

