THE PEOPLE OF THE STATE OF NEW YORK ex rel. STANLEY H. BEVINS, Respondent, *v.* THE BOARD OF SUPERVISORS OF THE COUNTY OF WARREN, NEW YORK, Appellant.

*Highway commissioner — employment by him of an attorney in laying out a road compensation of the attorney — chapter 568 of 1890.*

A highway commissioner cannot bind a town except under a power expressly conferred by statute.

There is no statutory provision which expressly or impliedly confers upon the highway commissioner of the town of Chester, Warren county, power to employ an attorney or counsel upon the credit of the town in a proceeding to lay out a road under the provisions of article 4 of chapter 568 of the Laws of 1890, and such an employment of an attorney by such highway commissioner, although it may create a legal claim against him, creates none against such town.

The words, "the costs thereof," as used in section 92 of article 4 of chapter 568 of the Laws of 1890, do not and cannot by any fair construction of the statute be deemed to apply to a bill for legal services rendered by an attorney employed by the highway commissioner, and it cannot be maintained that the Legislature intended by the word "costs" as used therein to embrace claims for attorney's fees for which a highway commissioner was responsible, and a town was not, at the time of the passage of such act.

The costs referred to in such section are costs which may be allowed to one of the parties under the provisions of section 152 of such act, and probably it should be deemed to apply to the fees and expenses of the commissioners therein provided for.

The word "costs," as used in section 92 of such act, does not in terms apply to a personal debt incurred by a highway commissioner, nor can it be made to so apply by any fair construction of the statute.

Article 4 of chapter 568 of the Laws of 1890 does not authorize an application to lay out a highway to be made by a highway commissioner as such. The statute provides that he may appear, after the appointment of commissioners, and he may at that time oppose or aid in the laying out of the road in the same way as the applicant for the highway and other parties in interest may.

Semble, that at that time the highway commissioner probably could, if proper and necessary, employ counsel to aid him in the matter of laying out the road and assessing the damages; but the counsel would be employed by him and not by the town, and such counsel must collect his bill for services from the highway commissioner; that the highway commissioner thereafter could present a claim for the amount so paid by him to the town as a necessary expense incurred by him in the discharge of the duties of his office, and if the bill were fair and properly incurred the town auditors might allow it.

APPEAL by the defendant, The Board of Supervisors of the County of Warren, New York, from an order of the Supreme Court, made at the Montgomery Special Term and entered in the office of the clerk of the county of Warren on the 20th day of January, 1894, directing that a peremptory writ of mandamus issue out of the Supreme Court directed to the board of supervisors of Warren county, directing them to convene and audit the claim of the relator according to law.

*S. & L. M. Brown*, for the appellant.

*Stanley H. Bevins*, for the respondent.

PUTNAM, J.:

We are unable to find any statutory provision which conferred upon the highway commissioner of the town of Chester power to

employ an attorney and counsel on its credit, in a proceeding to lay out a road under the provisions of article 4, chapter 568, Laws of 1890. Certainly no such power is expressly given, and we think none can be implied. A highway commissioner cannot bind the town except under a power expressly conferred by statute. In *People ex rel. Everett and Others* v. *Board of Supervisors* (93 N. Y. 397–401) the court says : " The relations existing between a town and its commissioners of highways were quite fully and explicitly defined in the opinion of Judge ANDREWS in *People ex rel. Van Keuren* v. *Board of Town Auditors* (74 N. Y. 310). It was there held that such commissioners were in no sense the agents of the town in the performance of their official duties.

" While acting in that capacity, under the powers conferred upon them by statute, they proceed independently of any control or direction on the part of the town, and owe it no duty or obligation, except to disburse the moneys with which they are supplied by the town in good faith and according to their best judgment.

" They have no general power or authority to bind the town by their contracts or undertakings, and are individually responsible alone to those with whom they contract, if any responsibility is thereby created."

Hence, the employment of the relator by the highway commissioner of the town of Chester may have created a legal claim against him, but none against the town.

It is claimed, however, by the learned counsel for the relator that sections 92 and 93 in article 4 (*supra*) made it obligatory on the board of supervisors to audit and allow the claim of the relator for legal services performed by him on the retainer of the highway commissioner. Section 92 provides as follows : " In all cases of assessments of damages by commissioners appointed by the court, the *costs* thereof shall be paid by the town except when reassessment of damages shall be had, on the application of the party for whom the damages were assessed, and such damages shall not be increased on such reassessment ; the costs shall be paid by the party applying for the reassessment."

Perhaps the only answer that need be given to the above position of the respondent is that the words " the costs thereof " — that is, the costs of the assessment of damages — do not, and cannot, by any

fair construction of the statute, be deemed to apply to a bill for legal services rendered by an attorney employed by the highway commissioner. When the act in question was passed the town was not in any way liable for attorney's services contracted by a highway commissioner in the matter of laying out a road. The claim for such services was one against the officer. It cannot be maintained that the Legislature intended by the word "costs" in section 92 (*supra*) to embrace claims for attorney's fees for which the highway commissioner was responsible, and the town was not, when the act was passed. Had it been intended by the act to create a new liability on the part of towns, and to make them responsible for bills contracted by highway commissioners, the statute would have indicated such intention by some provision therein.

Section 92 (*supra*) provides that commissioners appointed under article 4 shall be entitled to six dollars per day and expenses. Section 152 of the act provides that "costs of a motion to confirm, vacate or modify the report of commissioners appointed by the court to lay out, alter or discontinue a highway, may be allowed, in the discretion of the court, not exceeding fifty dollars. Costs of any other motion in a proceeding in a court of record, authorized by this chapter, may be allowed, in the discretion of the court, not exceeding ten dollars."

We see no reason to doubt that "costs," referred to in section 92, are costs which may be allowed to one of the parties under the provision of section 152. Probably it should also be deemed to apply to the fees and expenses of the commissioners.

The word "costs," as used in section 92, however, does not in terms apply to a personal debt incurred by the highway commissioner, nor can it be made to so apply by any fair construction of the statute. It would be unfortunate for a town if the highway commissioner could contract bills on its credit. This case is an illustration of what the result would be if the highway commissioner possessed that power. The claim of the relator is $146, and it appears by the papers before us that there is outstanding another bill of another attorney for counsel fees in the same matter for $206 — in all $352.

Article 4 (*supra*) does not authorize an application to lay out a highway to be made by a highway commissioner as such. The

statute provides that he may appear after the appointment of commissioners, and doubtless he can at that time oppose or aid in the laying out of the road, in the same way as the applicant for the highway and others interested may. At that time the highway commissioner could, if proper and necessary, employ counsel to aid him in the matter of laying out the road and assessing damages. But the counsel would be employed by him and not by the town, and such counsel must collect his bill for services from the highway commissioner. The latter afterwards could present a claim for the amount so paid by him to the town as a necessary expense incurred by him in the discharge of the duties of his office ; and if the bill were fair and properly incurred, the town auditors probably would allow it.

The view we have thus taken of the case will render it unnecessary to consider the position taken by appellant, that there was in fact no assessment of damages in this case, and, hence, under the provisions of sections 92, 93 (*supra*), the supervisors had no duty to perform in relation to the alleged claim of relator.

The clerk of the board of supervisors made an affidavit that the bill of relator when presented was considered and examined on its merits, and the board of supervisors decided that the claim was not a valid one against the town ; that the latter was not legally liable to pay it or any part thereof, and, therefore, disallowed the bill. This affidavit was not controverted by relator, and, hence, must be taken as true. (*People ex rel. Lawrence* v. *Supervisors*, 73 N. Y. 173.)

The supervisors, therefore, rejected the bill because it was not a valid claim against the town. If this decision of the supervisors was erroneous, appellant urges that relator's remedy was by certiorari and not mandamus. GROVER, J., in *Howland* v. *Eldredge* (43 N. Y. 457, 461) says : " This is the universal rule in respect to all subordinate courts and tribunals clothed with the exercise of judgment or discretion. They may by mandamus be compelled to proceed and determine the matter, but cannot be compelled to decide in any particular way. If they could, it would no longer be their judgment or discretion, but that of the court awarding the writ."

The relator's bill was presented to the board of supervisors. They considered and acted upon it. Their action was judicial. They

decided that the bill was not a legal or proper claim against the town. If they erred, there are authorities holding that the proper way to correct the error was by certiorari. (*People ex rel. Myers* v. *Barnes*, 44 Hun, 574; affd., 114 N. Y. 317; *People ex rel. Osborn* v. *Gilon*, 24 Abb. N. C. 125; *People ex rel. Woodward* v. *Rosendale*, 76 Hun, 103.)

Having concluded, however, for the reasons above stated, that the order from which the appeal is taken cannot be sustained, we do not pass upon this position of appellant.

The order must be reversed and motion denied, with fifty dollars costs and disbursements.

MAYHAM, P. J., and HERRICK, J., concurred.

Order reversed and motion denied, with fifty dollars costs and disbursements.