94 PEOPLE ex rel. SPRAGUE *v.* BOARD OF EXCISE.

THIRD DEPARTMENT, DECEMBER TERM, 1895.          [Vol. 91.

THE PEOPLE OF THE STATE OF NEW YORK ex rel. HELEN L. SPRAGUE, Respondent, *v.* THE BOARD OF EXCISE OF THE TOWN OF MORIAH, Appellant.

*License — defects in an application therefor cannot be cured on an application for a writ of certiorari to review the action of the excise board — affidavits of the individual members of the board are inadmissible — the excise board must act jointly.*

An application made to a town board of excise for a license is defective where it fails to show the age, citizenship and place of residence of the applicant, as required by statute, and a demand for a license based upon such a defective application may properly be denied.

Where an application for a license is defective, it cannot be cured by alleging the necessary facts in a petition for a writ of certiorari to be issued to review the action of the excise commissioners in refusing to grant such license.

Affidavits upon the part of the relator, not used upon the application for the writ, and first presented when the matter was heard by the court on the return thereto, form no part of the return and are not admissible in the case.

Where a town board of excise refuses to grant a license, and a writ of certiorari is granted to review the action of the board, the court is limited, in its consideration of the matter, to the writ and return and the papers upon which the writ was granted, and cannot consider subsequent affidavits of the individual excise commissioners.

Where a board of excise commissioners has made a return to a writ of certiorari, authorized by chapter 481 of the Laws of 1893, and such return complies with the requirements of the law, the members of such board have no power subsequently to make and file individual corrected affidavits. Where a return is for any reason insufficient, the proper course is to procure an order for a further return.

The manner in which a board of excise shall perform its duties is governed by section 19 of chapter 677 of the Laws of 1892, and any attempt by individual members thereof to perform such duties in any other manner will be ineffectual.

APPEAL by the defendant, The Board of Excise of the Town of Moriah, from an order of the Supreme Court, made at the Clinton Special Term and entered in the office of the clerk of the county of Essex on the 27th day of June, 1895, directing the board to grant the application of the relator and to issue a license thereon to her upon the payment by her of the license fee established by it.

*A. W. Boynton,* for the appellant.

*Foote, Stokes & Owen,* for the respondent.

MAYHAM, P. J.:

The case on this appeal discloses that on the 27th day of May, 1895, the relator presented her petition to the Special Term of this court, praying that a writ of certiorari be granted to review the action of the board of commissioners of excise in refusing to grant the application of the petitioner for a license.

The Special Term thereupon made an order that the writ as prayed for be issued, directed to the board of commissioners of excise of the town of Moriah, and that it be made returnable at the chambers of the justice who held the Special Term on the 11th day of June, 1895. Pursuant to that order, a writ of certiorari was issued and made returnable as therein directed.

The petition upon which that writ was granted, among other things, alleged that the relator was over twenty-one years of age, and resided at the village of Port Henry, in the town of Moriah, and was the sole owner of a hotel known as the Lee House in that town ; that on the 13th day of May, 1895, she made application to the board of commissioners of excise of such town for a license to sell liquors as a hotelkeeper at the Lee House.

The petition also alleged that the application was made in conformance to the law " and was accompanied with a bond conditioned in accordance with the statute in such cases made and provided." The petition also alleged that the " Lee House " was the leading hotel in the village of Port Henry, and stated the population of said village and town and the capacity of the hotel for the accommodation of guests, and alleged that the refusal of the commissioners to grant the relator a license injured the popularity of petitioner's hotel and lessened her opportunity to earn a livelihood and to provide for the comforts, conveniences and necessities of the patrons of the hotel ; and that license had theretofore been issued to her, and that no license granted to her had been annulled or revoked. The petitioner also alleged that the commissioners did not consider her application on its merits, but arbitrarily, and without good or valid reason therefor, denied the application of the petitioner and all other applications for license in that town.

Accompanying the petition was an affidavit of one of the attorneys of the petitioner, confirming in some respects the allegations of the petition, which was read by the Special Term on the application for the order allowing the issuance of the writ.

96 PEOPLE ex rel. SPRAGUE v. BOARD OF EXCISE.

Third Department, December Term, 1895.    [Vol. 91.

To this writ the board of commissioners of excise made and filed their return on the 11th day of June, 1895, the day on which the writ was made returnable, which return was duly signed by all of the commissioners, and verified by the oath of two of their number, attached to which and made a part of the return was the application of the relator for a license, signed and verified by her, which was indorsed by the commissioners, " Application denied, May 20, 1895, reasons to be filed ;" also the relator's bond on her application for license ; also the written statement of the reasons filed by the commissioners for refusing the license; also an affidavit of two of the commissioners of excise, denying that any vote was ever taken by the board of commissioners of excise fixing by vote or resolution the rate at which hotel licenses should be granted.

The affidavit also alleges that the affiants were voted for and elected excise commissioners as against the granting of licenses, and states in substance that their interpretation of the vote by which they were elected was as a vote against the granting of licenses in that town.

The affidavit also stated that the members of the board understood that it appeared from the records of the Court of Sessions of Essex county that the applicant for license had pleaded guilty to a violation of her previous hotel license.

The case shows that on the filing of this return the further hearing was adjourned until the 25th day of June, 1895. On that day corrected or amended affidavits of the commissioners were received, and the court thereupon made an order directing the commissioners composing the board of excise, and each of them, to grant the application of the above-named relator, and to issue to her a license upon the payment by her of the fee established by the board therefor.

The order also charged the commissioners with the payment to the relator of fifty dollars costs. From this order the commissioners appeal to this court. The appellants insist that the application for the license in this case was insufficient upon its face, and that the commissioners were for that reason justified in refusing the petitioner a license. Section 18 of chapter 401 of the Laws of 1892, as amended by chapter 480 of the Laws of 1893, provides as follows : " A board of excise shall not grant any license to any person or persons, unless each such person is over twenty-one years of

age, is a citizen of the United States, a resident of this State, and of good moral character, approved by the board," and section 20 of chapter 401 of the Laws of 1892, as amended by chapter 480 of the Laws of 1893, provides that "A board of excise shall not grant a license until the applicant or applicants shall have presented to and filed with such board:

"1st. A written or printed application, signed and sworn to by such applicant or applicants; * * * and a full statement showing that such applicant or applicants may lawfully be licensed to carry on the business sought to be licensed upon said premises."

The application for a license filed by the relator with the commissioners, and upon which she claims the commissioners were bound to grant her a license in this case, is as follows:

" *To the Board of Commissioners of Excise in and for the Town of Moriah, County of Essex:*

"The undersigned applicant for license, respectfully represents that she desires to sell and dispose of Strong and Spirituous Liquors, Wines, Ale and Beer in quantities less than five gallons at a time, to be drank on the premises, at her hotel known as Lee House, in the town of Moriah, County of Essex; that she proposes to keep an Inn, Tavern or Hotel thereat; that she is the only person interested in the business to authorize which the license shall be used.

" Dated *May 6th*, 1895.

　　　　　" (Signed)　　　　　" H. L. SPRAGUE."

This application was duly verified by the petitioner. Testing this application by the requirements of sections 18 and 20 of the statute above quoted, it will be seen that it does not contain a statement of the facts which seem to be required by these sections to authorize or at least to require the commissioners to grant a hotel license. It fails to show the age, citizenship or place of residence of the applicant, and is not, within the language of the statute, "a full statement showing that such applicant or applicants may lawfully be licensed to carry on the business."

If the allegations of the facts required by statute to be contained in the application to the commissioners for a license were omitted in that application, upon which alone the commissioners must grant or refuse a license, it would seem to be too late for the relator to cure

98 PEOPLE ex rel. SPRAGUE *v.* BOARD OF EXCISE.

THIRD DEPARTMENT, DECEMBER TERM, 1895. [Vol. 91.

that defect by first alleging such facts in the petition upon which the certiorari is allowed.

It is true that most if not all of the requisite facts which were omitted in the application for a license are stated in the petition for the writ of certiorari.

But it is not the province of that writ to review and reverse the acts of a subordinate tribunal which has not acted erroneously upon the facts before it, but whose acts might be questioned if tested by a different state of facts first presented in the petition for such writ. The real question to be determined on this branch of the case is whether the commissioners erred in refusing the license upon the facts set out in the application for it. We fail to see that they did, and think that they were right in their first reason filed by them for refusing the license, which they say was " because the application does not conform to the requirements of sections 18 and 20 of chapter 401 of the Laws of 1892, and amendments thereof, in that it does not contain a full statement showing that the applicant is a person that may lawfully be licensed."

On the day upon which the hearing on this writ was had the relator presented affidavits, not used upon the application for the writ, nor embraced in the return, and while it does not appear from the record that the respondents made any specific objection to their use or to the consideration of them on the hearing by the court, it is insisted on this appeal that such affidavits constituted no part of the return, and that their consideration by the court was error.

Section 2138 of the Code of Civil Procedure provides that " Except as prescribed in the next section, it (the certiorari) must be heard upon the writ and return, and the papers upon which the writ was granted." The next section referred to provides a method of supplying a return when the person whose duty it is to make a return has died, absconded or removed from the State after the writ is issued, and before making a return, or after making an insufficient return, and it appears that there is no other person or officer from whom a return could be required. In such a case the section provides that the court may permit affidavits or other written proof relating to the matter not sufficiently returned to be produced, and may hear the case accordingly.

It also provides that the court, in its discretion, may permit either

PEOPLE ex rel. SPRAGUE v. BOARD OF EXCISE. 99

Hun.]          Third Department, December Term, 1895.

party to produce affidavits, or other written proof, relating to any alleged error of fact, or any other question of fact, which is essential to the jurisdiction of the body or officer to make the determination to be reviewed, when the facts in relation thereto are not sufficiently stated in the return, and the court is satisfied that they cannot be made to appear by means of an order for a further return.

There is nothing in this case to bring it within the exceptions contained in section 2139 of the Code of Civil Procedure above referred to.

But it is insisted by the relator that as this certiorari is authorized by chapter 481 of the Laws of 1893, and not by the Code of Civil Procedure, the return is not conclusive, and the provisions of the Code of Civil Procedure are not applicable. That chapter amends section 24 of chapter 401 of the Laws of 1892, and among other things extends the proceeding by certiorari to cases where town boards of excise commissioners refuse to grant licenses on proper application. It authorizes the writ issued in such a case to be made returnable before various inferior courts, and the Supreme Court or a judge thereof, and provides: "If the writ shall be granted, the board of excise to which it is directed shall, in its return thereto, include copies of all papers on which its action was based, and a statement of its reasons for refusing to grant such application." It seems that this provision was strictly complied with by the commissioners in their return in this case. If, however, the return was defective, there was no death, insanity or absence of the commissioners, or either of them, which would allow a resort to the methods prescribed in section 2139 of the Code of Civil Procedure to supply such defect, and the board of commissioners of excise should have been called upon to make an amended return, instead of filing individually corrected affidavits, as appears to have been done in this case.

It would lead to great uncertainty and confusion if the members of a board of public officers could by individual affidavits falsify or impair the validity and effect of a return made by the board in its official character, in cases where boards of public officers are required, as such, to make returns to writs of certiorari. Section 19 of chapter 677 of the Laws of 1892 provides the manner in which a board of public officers, consisting of three or more members, shall per-

form its public duties, and any attempt by any of its members to perform such duty in any other manner will be ineffectual. We are, therefore, of the opinion that it was error for the learned judge at Special Term to receive and consider the affidavits of the individual members of the excise commissioners on the final hearing and determination of this certiorari.

In *People ex rel. Sims* v. *Fire Commissioners* (73 N. Y. 437) it was held that the return to a writ of certiorari must be taken as conclusive and acted upon as true, and if false in fact the remedy is by action for a false return; if insufficient in form, by compelling a further and more specific return, and in *People ex rel. Peck* v. *Commissioners of Brooklyn* (106 N. Y. 67) the court says: "But by section 2138 of the present Code it is now required that the hearing upon the return to a writ of *certiorari* must be had 'upon the writ and return, and the papers upon which the writ was granted.'" In the case at bar it is clear that, standing upon the papers upon which the writ was granted, the writ, the return and the papers made a part of the same, the commissioners were authorized to deny the petitioner's application for a license.

By section 24 of chapter 401 of the Laws of 1892, as amended by chapter 481 of the Laws of 1893, it is provided that "If the writ shall be granted, the board of excise, to which it is directed, shall, in its return thereto, include copies of all papers on which its action was based, and a statement of its reasons for refusing to grant such application. If such court shall upon the hearing determine that such application for a license has been by such board arbitrarily denied, or denied without good or valid reasons therefor, such court may make an order commanding such board of excise to grant such application, and to issue a license to such applicant upon the payment of the proper license fee." Taking the return as true and considering, as we must, the reasons of the board of commissioners for refusing the same, as a part of the return, we cannot agree with the learned trial court that the board arbitrarily denied the application without good and valid reasons.

The order of the Special Term must be reversed, with costs.

PUTNAM and HERRICK, JJ., concurred in result.

