THE PEOPLE OF THE STATE OF NEW YORK ex rel. JACOB S. McMIL-
LEN and Others, Relators, v. ALBERT VANDERPOEL and Others,
as the Town Board of the Town of New Scotland, Respondents.

*Town assessors — employment of an attorney to defend an assessment — audit of their
claim for an amount paid to him — the allegations in the return to a writ of
certiorari assumed to be true.*

Town assessors have no authority to employ an attorney at the expense of the
town to defend a proceeding instituted to review an assessment made by them,
where they are not required by law to defend the town in such proceedings,
and where they are not instructed to do so by the town board.

Where, on the presentation to the town board of a claim for $766.65, money paid
by the assessors to an attorney for legal services rendered in such a proceeding,
no evidence is offered by the claimants to show the justice or validity of the
claim, the audit thereof at the sum of $200 by the town board, the members of
which were acquainted with the general facts and circumstances under which
the bill was contracted, will not be disturbed upon certiorari.

In such a case the town board is not required to call witnesses to determine the
value of the services rendered by the attorney, but may acquire the knowledge
necessary to audit the bill by consultation with other attorneys familiar with
the value of such services, or act upon the knowledge of such value possessed
by the members of the board.

The town board is not compelled to pass on each item contained in the attorney's
bill, especially where the claim presented by the assessors consisted of one item
representing the aggregate amount paid to the attorney.

*Semble*, that the attorney's bill, which, although made out in items, consisted of
services in one suit and under one retainer, was in fact a single claim.

Where allegations in the petition upon which a writ of certiorari is issued are
controverted in the return, the statements in the return must be taken as true.

CERTIORARI issued out of the Supreme Court and attested on the
11th day of December, 1897, directed to Albert Vanderpoel and
others, as the town board of the town of New Scotland, command-
ing them to certify and return to the office of the clerk of the
county of Albany all and singular their proceedings in auditing a
claim presented by the relators, who were, during the year 1893, the
assessors of the town of New Scotland.

*Smith O'Brien* and *J. Murray Downs*, for the relators.

*S. J. Daring* and *J. Newton Fiero*, for the respondents.

PUTNAM, J.:

Under well-settled principles, we are compelled to regard the return made by the defendants, the town board of the town of New Scotland, as a true statement of the facts relating to their procedure on the audit in 1897 of the claim of the relators. (*People ex rel. Press Pub. Co.* v. *Martin*, 142 N. Y. 228; *People ex rel. Miller* v. *Wurster*, 149 id. 549.)

The provisions of section 2139 of the Code of Civil Procedure, allowing affidavits to be read on the hearing of a certiorari, where the party whose duty it is to make a return dies, absconds or removes from the State, or on matters relating to the jurisdiction of the body or officer making the return, are not applicable in this case to those proceedings of the town board of New Scotland in passing upon the relators' claim, as to which the defendants in their return had stated the facts. (See *People ex rel. Sprague* v. *Board of Excise*, 91 Hun, 94, 98; *People ex rel. Kidd* v. *Commissioners of Excise*, 25 N. Y. Supp. 873.)

We are, therefore, in our consideration of this case, to assume as facts that the relators in 1897 presented to the town board of the town of New Scotland a claim for $766.65 paid to Mr. Elliott for legal services in 1893 and 1894 in a proceeding by certiorari instituted by the Delaware and Hudson Canal Company to review an assessment on the property of said corporation. No evidence was offered or given by the relators to substantiate their claim, or to show the value of the services rendered for them by Mr. Elliott. The members of the town board were acquainted with the general facts and circumstances under which the bill was contracted; the audit was not made in ignorance of the true value of the services of Mr. Elliott; and the members of the town board had some knowledge of the value of the services rendered, and audited the relators' claim at the sum of $200, as stated in the return.

The situation then, at the time of the audit of the claim in question, was as follows: The relators had retained Mr. Elliott in a certain proceeding brought by the Delaware and Hudson Canal Company. After its termination, Mr. Elliott presented a bill to them for $1,018.22, and credited $250 collected as costs from the Delaware and Hudson Canal Company on the discontinuance of the proceeding in which the attorney had been retained, claiming as a

balance $766.65, which sum the relators paid. On the presentation of the bill to the defendants, no evidence was offered to show its justness or validity. The town board was, therefore, compelled to pass upon it as best they could. They were not bound to call witnesses to determine the value of the services rendered by Mr. Elliott or the amount that should have been paid him by the relators. They might acquire the knowledge necessary to audit the bill by inquiry, by consultation with other attorneys familiar with the value of the services rendered by Mr. Elliott, or by knowledge of such value possessed by the members of the board.

In *People ex rel. Cochran* v. *Town Auditors* (74 Hun, 83, 84) it was held : " There is no mode of procedure prescribed by which a board of town auditors is to take proof or obtain knowledge respecting the validity of any claim presented for audit. It is the habit of such bodies to seek information from any quarter where it is obtainable, and presumably the practice is legitimate. Its members must acquire knowledge to enable them to act with wisdom in subservience to established rules. They may act upon their own knowledge acquired by observation." (See, also, *People ex rel. Oppenheimer Pub. Co.* v. *Pople*, 81 Hun, 383.)

It is difficult to see how, under the provisions of section 2140 of the Code of Civil Procedure or any other provision of law, or upon what ground, we could properly annul the finding of the town board in determining the amount justly due the relators. No error on the part of the town board in making the audit is shown. It was claimed in the petition that the defendants refused to hear or allow witnesses to be examined to show what the fair or true value of the services rendered by Mr. Elliott was; that they audited the bill in ignorance of the true value of such services; that the amount allowed was determined upon arbitrarily, the said board having no personal knowledge of the value of the services rendered. These allegations, however, are controverted in the return, and, as above suggested, we are compelled to take the statements contained in the return as true. The defendants, as far as the papers presented to us show, were not ignorant of the value of the services rendered by Mr. Elliott, had some personal knowledge thereof, and there is nothing before us to show any error in their action in the matter.

The defendants were not compelled to pass on each item contained

in Mr. Elliott's bill specifically. The claim presented by the relators to them consisted of one item for $766.65, money paid to Mr. Elliott. That was the bill they were called upon to audit. Again, Mr. Elliott's bill, although made out in items, consisted of services in one suit and under one retainer, and was in fact a single claim. Hence, such cases as *People ex rel. Thurston* v. *Town Auditors of Elmira* (82 N. Y. 80) are not parallel.

It might be claimed that the relators had power to employ Mr. Elliott as their attorney, and hence were authorized to settle with and pay him for services rendered, and were entitled to be allowed the amount thus paid.

We are of opinion that the relators possessed no power to employ an attorney at the expense of the town of New Scotland to defend a proceeding to review an assessment made by them against the property of the Delaware and Hudson Canal Company. (See *People ex rel. Van Keuren* v. *Town Auditors*, 74 N. Y. 310; *People ex rel. Everett* v. *Bd. of Supervisors*, 93 id. 397; *People ex rel. Bevins* v. *Supervisors*, 82 Hun, 298.) That the relators, prior to the enactment of chapter 569, Laws of 1890 (The Town Law), possessed no power to engage in litigation at the expense of the town, will not be doubted. Subdivision 7, section 180 of that act, states, among other town charges: "The costs and expenses, lawfully incurred by any town officer in prosecuting or defending any action or proceeding brought by or against the town or such officer for an official act done, shall be a town charge in all cases where the officer is required by law to so prosecute or defend, or to do such act, or is instructed to so prosecute or defend, *or do such act*, by resolution duly adopted by the town board, or at a town meeting duly held." The relators were not required by law to defend the town in the proceeding taken by the Delaware and Hudson Canal Company, nor were they instructed by the town board to do so. When the proceeding was commenced they had already discharged their duty as public officers in reference to the assessment, and were not authorized by statute to defend their assessment in actions or legal proceedings unless authorized by the town board to do so. The meaning of the italicised words in the statute "or do such act" is not clear; we think they are intended to refer to cases where a personal liability might exist on the part of the town officer for official acts, or

where the action or proceeding relates to acts a town officer is required by law to perform, and it is necessary for him to prosecute or defend an action or proceeding in order to so perform an act or duty thus enjoined upon him; that the words in question do not apply to a case like the one under consideration, where the officers had performed the act they were required by statute to do, and an attempt was made by certiorari to reverse their decision. We think the relators were not authorized to embark in such a litigation at the expense of the town without authority from the town board.

The determination should be confirmed, with fifty dollars costs and disbursements.

All concurred.

Determination of defendants confirmed, with fifty dollars costs and disbursements.