PEOPLE ex rel. McMILLEN et al. v. VANDERPOOL et al.

(Supreme Court, Appellate Division, Third Department. November 16, 1898.)

1. CERTIORARI—RETURN.

The return of a town board on certiorari to review their audit of a claim will be regarded as a true statement of the facts relating thereto.

2. SAME—AFFIDAVITS.

The provisions of Code Civ. Proc. § 2139, allowing affidavits to be read on the hearing of a certiorari on matters relating to the jurisdiction of the body making the return, are not applicable to certiorari to review a town board's procedure on the audit of a claim, as to which defendants in their return had stated the facts.

3. TOWNS—AUDIT OF CLAIM.

A town assessor presented to the board a claim for $766.65 for legal services engaged and paid for by him in defending certiorari instituted to review an assessment by him. He gave no evidence of the claim, but the board knew the circumstances under which it was contracted, and the value of the services, and audited the claim at $200. *Held* there was no error.

4. SAME.

Where no evidence is offered to show the justice or validity of a claim presented to a town board of audit, they may determine their allowance from their own knowledge acquired by observation or information from any quarter, without calling witnesses.

5. SAME.
　　Where a claim for legal services presented to a town board of audit is for services in one suit and under one retainer, and is in fact but a single claim, the board need not pass on each item contained in the bill.

6. SAME—LIABILITY FOR ASSESSOR'S EXPENSES.
　　Laws 1890, c. 569, § 180, subd. 7, provides that the costs and expenses lawfully incurred by any town officer, in prosecuting or defending any action by or against the town or such officer, for an official act done, shall be a town charge in all cases where the officer is required by law to so prosecute or defend, or to do such act, or is instructed to so prosecute or defend, or do such act, by resolution of the town board, or of a town meeting; and where a town assessor, without being required by law or otherwise to defend a certiorari to review an assessment, expended money for an attorney in doing so, the town is not liable therefor.

7. SAME—ASSESSOR—DEFENSE OF ASSESSMENT.
　　A town assessor is not legally authorized to defend, at the expense of the town without authority therefrom, an assessment attacked by certiorari.

Certiorari by the people, on the relation of Jacob S. McMillen, and others against Albert Vanderpool and others, composing the town board of the town of New Scotland, to review their disallowance of a claim. Determination affirmed.

Argued before PARKER, P. J., and LANDON, HERRICK, PUTNAM, and MERWIN, JJ.

Smith O'Brien (J. Murray Downs, of counsel), for relators.
S. J. Daring (J. Newton Feiro, of counsel), for defendants.

PUTNAM, J. Under well-settled principles, we are compelled to regard the return made by the defendants, the town board of the town of New Scotland, as a true statement of the facts relating to their procedure on the audit, in 1897, of the claim of the relators. People v. Martin, 142 N. Y. 228, 36 N. E. 885; People v. Wurster, 149 N. Y. 549, 44 N. E. 298. The provisions of section 2139 of the Code of Civil Procedure, allowing affidavits to be read on the hearing of a certiorari, where the party whose duty it is to make a return dies, absconds, or removes from the state, or on matters relating to the jurisdiction of the body or officer making the return, are not applicable in this case as to the procedure of the town board of New Scotland in passing upon the relators' claim, as to which the defendants in their return had stated the facts. See People v. Board of Excise, 91 Hun, 94, 98, 36 N. Y. Supp. 678; People v. Commissioners of Excise (Sup.) 25 N. Y. Supp. 873.

We are, therefore, in our consideration of this case, to assume as facts that the relators, in 1897, presented to the town board of the town of New Scotland a claim for $766.65, paid to Mr. Elliott for legal services in 1893 and 1894, in a proceeding by certiorari instituted by the Delaware & Hudson Canal Company to review an assessment on the property of said corporation. No evidence was offered or given by the relators to substantiate their claim, or to show the value of the services rendered for them by Mr. Elliott. The members of the town board were acquainted with the general facts and circumstances under which the bill was contracted. The audit made was not made in ignorance of the true value of the services of Mr. Elliott. The

members of the town board had some knowledge of the value of the services rendered, and audited the relators' claim at the sum of $200, as stated in the return.

The situation, then, at the time of the audit of the claim in question, was as follows: The relators had retained Mr. Elliott in a certain proceeding brought by the Delaware & Hudson Canal Company. After its termination, Mr. Elliott presented a bill to them for $1,018.22, and credited $250 collected as costs from the Delaware & Hudson Canal Company on the discontinuance of the proceeding in which the attorney had been retained, claiming, as a balance, $768.22, which sum the relators paid. On the presentation of the bill to the defendants, no evidence was offered to show its justness or validity. The town board was, therefore, compelled to pass upon it as best they could. They were not bound to call witnesses to determine the value of the services rendered by Mr. Elliott, or the amount that should have been paid him by the relators. They might acquire the knowledge necessary to audit the bill by inquiry, by consultation with other attorneys familiar with the value of the services rendered by Mr. Elliott, or by knowledge of such value possessed by the members of the board.

In People v. Board of Town Auditors, 74 Hun, 83, 84, 26 N. Y. Supp. 124, it was held:

"There is no mode of procedure prescribed by which a board of town auditors is to take proof or obtain knowledge respecting the validity of any claim presented for audit. It is the habit of such bodies to seek information from any quarter where it is obtainable, and presumably the practice is legitimate. Its members must acquire knowledge to enable them to act with wisdom in subservience to established rules. They may act upon their own knowledge acquired by observation."

See, also, People v. Pople, 81 Hun, 383, 30 N. Y. Supp. 878.

It is difficult to see how, under the provisions of section 2140 of the Code of Civil Procedure, or any other provision of law, or upon what ground, we could properly annul the finding of the town board in determining the amount justly due the relators. No error on the part of the town board in making the audit is shown. It was claimed in the petition that the defendants refused to hear or allow witnesses to be examined to show what the fair or true value of the services rendered by Mr. Elliott were; that they audited the bill in ignorance of the true value of such services; that the amount allowed was determined upon arbitrarily, the said board having no personal knowledge of the value of the services rendered. These allegations, however, are controverted in the return, and, as above suggested, we are compelled to take the statements contained in the return as true. The defendants, as far as the papers presented to us show, were not ignorant of the value of the services rendered by Mr. Elliott, but had some personal knowledge thereof, and there is nothing before us to show any error in their action in the matter.

The defendants were not compelled to pass on each item contained in Mr. Elliott's bill specifically. The claim presented by the relators to them consisted of one item, for $766.65, money paid to Mr. Elliott. That was the bill they were called upon to audit. Again, Mr. Elliott's

bill, although made out in items, consisted of services in one suit and under one retainer, and was in fact a single claim. Hence, such cases as People v. Board of Town Auditors, 82 N. Y. 80, are not parallel.

It might be claimed that the relators had power to employ Mr. Elliott as their attorney, and hence were authorized to settle with and pay him for services rendered, and were entitled to be allowed the amount thus paid. We are of opinion that the relators possessed no power to employ an attorney at the expense of the town of New Scotland to defend a proceeding to review an assessment made by them against the property of the Delaware & Hudson Canal Company. See People v. Board of Town Auditors, 74 N. Y. 310; People v. Board of Sup'rs, 93 N. Y. 397; People v. Board of Sup'rs, 82 Hun, 298, 31 N. Y. Supp. 248. That the relators, prior to the enactment of chapter 569, Laws 1890 (the "Town Law"), possessed no power to engage in litigation at the expense of the town, will not be doubted. Subdivision 7, § 180, of that act, states, among other town charges:

"The costs and expenses lawfully incurred by any town officer in prosecuting or defending any action or proceeding brought by or against the town or such officer for an official act done, shall be a town charge in all cases where the officer is required by law to so prosecute or defend, or to do such act, or is instructed to so prosecute or defend, *or do such act,* by resolution duly adopted by the town board, or at a town meeting duly held."

The relators were not required by law to defend the town in the proceeding taken by the Delaware & Hudson Canal Company, nor were they instructed by the town board to do so. When the proceeding was commenced they had already discharged their duty as public officers in reference to the assessment, and were not authorized by statute to defend their assessment in actions or legal proceedings, unless authorized by the town board to do so. The meaning of the italicised words in the statute, "or do such act," is not clear. We think they are intended to refer to cases where a personal liability might exist on the part of the town officer for official acts, or where the action or proceeding relates to acts a town officer is required by law to perform, and it is necessary for him to prosecute or defend an action or proceeding in order to so perform an act or duty thus enjoined upon him; that the words in question do not apply to a case like the one under consideration, where the officers had performed the act they were required by statute to do, and an attempt was made by certiorari to reverse their decision. We think the relators were not authorized to embark in such a litigation at the expense of the town, without authority from the town board.

The determination should be affirmed, with $50 costs and disbursements. All concur.