Order modified by striking out clause authorizing execution to be *nunc pro tunc.*

---

THE PEOPLE OF THE STATE OF NEW YORK ex rel. JOHN H. CAMPBELL v. EDWARD HANNAN and Others, Members of and Constituting the Board of Police Commissioners of the City of Troy, and JOHN L. DUNN, Clerk of Said Board.

*Removal for misfeasance, of a member of a city police force — his right to appear and defend before the police board by counsel — return by said board to a certiorari, setting up that the member removed was not properly appointed.*

Under the provisions of the Constitution of the State of New York, to the effect that on any trial, and in any court whatever, the party accused shall be allowed to appear and defend in person and with counsel, a city police board, before whom a member is brought charged with misfeasance in office, although the statute relating to such police force does not, in express terms, provide that the accused shall be allowed to appear and defend with counsel, must, nevertheless, allow him to so appear and defend himself in the proceeding.

In the return by a city police board, to which a *certiorari* has been issued to review its proceedings and decision in regard to the removal of a member of the police force from duty for misfeasance in office, it is not proper to insert matter showing that the relator, who had been a member of such police force for some four years, was not eligible to appointment in the first instance because he had not passed an examination before the board of civil service commissioners of the city.

Certiorari issued under an order made at a Special Term held in the city of Albany on the 30th day of July, 1889, and directed to the board of police commissioners of Troy, and to every member thereof constituting said board, and to John L. Dunn, clerk of said board, requiring them to certify and return their proceedings, decisions and actions taken or had with reference to the removal of

one John H. Campbell, the relator, from the police force of the city of Troy, and from his office as chief detective thereof.

*Orin Gambell*, for the relator.

*R. A. Parmenter*, for the defendants.

LANDON, J. :

On the 22d day of July, 1889, one of the board of police commissioners of the city of Troy preferred a charge in writing against the relator of neglect of official duty, in that the relator did, on the night of the 7th of May, 1889, go to New York with a warrant for the arrest of one Lace and another Stebustro for the crime of grand larceny, preferred by Mary A. Garlo, and did return on the following night without having made any proper effort to apprehend said persons; and did state to the board that he would not have arrested them had he met them on the street in the city of New York; and also that the relator makes no personal effort as chief detective to suppress crime or bring criminals to justice.

A copy of said charges was served upon the relator upon the afternoon of the same day requiring him to answer the same and appear for trial before the board on the next day at 7.30 o'clock P. M.

The relator appeared before the board at the time appointed and requested that he might appear and defend with counsel; this request was denied. He then denied the charges, and stated to the board that he did not go to New York to arrest the persons named in the warrant, but to bring them to Troy, they having already been arrested, but that when he arrived in New York he ascertained that they had been arraigned before the police magistrate, and that the complainant, Mary A. Garlo, had appeared before the magistrate, but could not identify them as the persons accused, and the magistrate thereupon discharged them; that the relator did not know them, and that he did say to the police board that, under the circumstances, he would not have arrested them if he had met them in the street. The relator then asked that his trial be postponed to enable him to procure the witnesses from the city of New York to prove the facts and circumstances of the discharge of the accused. This was refused, the board, or some one of its members, remarking that they would take his statement as true. The board return that they also accepted as proven that the relator, in his previous statement

to the board, did add the words "under the circumstances" to his statement that he would not have arrested the accused had he met them in the street. No other charge against the relator was inquired into upon the trial. The board thereupon found the charges to be true and dismissed him from office.

The charter of the city provides that "no member of said police force shall be removed from his office without having written charges preferred against him, and the same having been publicly heard and examined by said board after due notice thereof to him by the said board." (Chap. 328 of 1880, § 18.) The statute does not in express terms provide that the accused shall be allowed to appear and defend with counsel, but the Constitution provides that "in any trial in any court whatever the party accused shall be allowed to appear and defend in person and with counsel." (Const., art. 1, § 6.) The board of police commissioners was a court for the trial of the relator. (*People ex rel. Nichols* v. *The Mayor, etc.*, 19 Hun, 449; *People ex rel. Garling* v. *Van Allen*, 55 N. Y., 31; *People ex rel. Munday* v. *Fire Commissioners*, 72 id., 445; *Murdock* v. *Phillips Academy*, 7 Pick., 303; S. C., 12 id., 244; Dill. on Mun. Corp., § 193.) The statute could not deprive the relator of this right. The charter authorizes the board of police commissioners of the city of Troy to make rules in furtherance of the police government of the city, including the removal from office of members of the police force. (Chap. 328, Laws 1880, § 25.) Rules had been made, one of which provided that no officer should be removed "except upon the substantiation of written charges preferred against him to the board of police after a fair trial, in which full opportunity shall be given him for his own defense, as prescribed by law." Another rule provides "no counsel are needed on the investigation of any charges, but may be allowed." The rule first quoted implies that counsel will be allowed if desired; the second rule is advisory, with no injunction to accept the advice. Neither attempts to deprive the accused officer of this right, and it was error to deprive him of it.

It is not clear that the accused had a fair trial. He gave an explanation of his conduct which was accepted as true, and which, if true, would be a defense to the charge of neglect of duty, however it might be as to mistaken judgment or insufficiency in performing it. The defendants make return of several allegations of miscon-

duct on the part of the relator with respect to his official action. It is a sufficient answer to these to say that he has not been put upon trial with respect to any of them. The fact that such matters are returned suggests that possibly the relator was tried upon one charge, and dismissed because of others of which he had no notice. The determination of the board must be reversed.

It is urged, however, by the defendants, and they have made return of facts which they allege show, that the relator was not eligible to appointment in the first instance, because he had not passed an examination before the board of civil service commissioners for the city of Troy. It appears that the latter board was not organized until two days before the relator's appointment, and that it did not give the board of police commissioners notice that it was ready to proceed to the discharge of its duties, until an hour and a half after the relator had been appointed. The defendants urge that if the relator was only an officer *de facto*, no matter how he was excluded from office, he cannot be restored.

The relator had been in office more than four years and was charged and tried as an officer *de jure*, and was dismissed. As the proceedings and determination of the defendants were erroneous, and injuriously affected the relator, we think he is entitled to an adjudication reversing them. The question here is whether the proceedings and determination of the board of police commissioners were right? The question sought to be presented is, whether they ought not to be sustained because of matters not presented upon the trial, and of which the board had no jurisdiction and as to which the relator had no day in court. Regard being had to the fact that the defendants were required to make return to the writ, their return of other and further matters, as to which the relator was not tried, must be regarded as irrelevant and as not presenting any issue for our determination. We relegate such questions to the proper action and forum.

Proceedings and determination reversed, with fifty dollars costs and disbursements.

LEARNED, P. J., and MAYHAM, J., concurred.

Proceedings and determination reversed, with fifty dollars costs and disbursements.