THE PEOPLE OF THE STATE OF NEW YORK ex rel. GEORGE W. VAN HISE *v.* THE BOARD OF POLICE COMMISSIONERS OF THE VILLAGE OF GREENBUSH AND THE MEMBERS OF SAID BOARD.

*Policeman — when tried entitled to counsel.*

**A** policeman, tried upon charges before a board of police commissioners, is entitled to have counsel.

CERTIORARI to review the proceedings of the Board of Police Commissioners of the Village of Greenbush, Rensselaer county, New York, taken May 27, 1890, for the removal of the relator from the position of superintendent of the police department and dismissing him from the police force.

*Eugene Burlingame*, for the relator.

*James H. Ryan*, for the Board of Police Commissioners, respondent.

LEARNED, P. J.:

The relator was the Chief of Police of the Village of Greenbush. Proceedings were had prior to May, 1890, before the board of police commissioners, by which the relator was removed from his office. At the term of this court, held in May, 1890, those proceedings were reversed. Notice of the order was given to the attorney of the board May twenty-third. On the evening of that day the board met and reinstated the relator as Chief of Police.

At the same meeting two of the commissioners filed charges against him, and the board at once suspended him pending the hearing of the charges. On the twenty-seventh day of May the board again removed the relator after a hearing of evidence to support the charges, or some of them. On the hearing the relator, in person and by his counsel, claimed the right to be heard by counsel on the trial of said charges. This was refused by the board. The board also refused to permit counsel for the relator to be present at the hearing. Thereupon the counsel, in obedience to the order of the board, retired from the room where the trial was to be had, followed soon after by the relator, and neither relator nor his counsel were present at the trial. The relator now brings the writ of *certiorari* to review the proceedings. The principal ground is the refusal to permit the relator to appear by counsel. The relator, however, insists, in addition, that while there were six distinct, charges, against the relator, and he was found guilty of all, there was no evidence whatever as to three of the charges.

The question as to the right to have counsel on such a hearing was before this court in *People ex rel. Campbell* v. *Hannan* (56 Hun, 469); and it was there decided that it was the right of a policeman on such a hearing to have counsel. It is not necessary for us to go over the argument for that decision. The counsel for the defendant cites *People ex rel. Flanagan* v. *Board of Police Commissioners* (93 N. Y., 97). The principal question in that case was whether the testimony could be taken before one commissioner. And while the court said that the board was not confined to strict legal rules, they held, in regard to the case before them, that the board " publicly heard the proofs and allegations; " that " the case was fairly heard, the right of the relator fully protected." Nothing was decided as to the right to appear by counsel. In the present case the matter was not publicly heard. Every one was excluded except the board, their attorney, the witnesses, the relator and the stenographer.

The statute under which the relator was appointed (Laws 1870, chap. 701) provides that policemen shall hold office during good behavior, but may be removed on proof of charges for cause preferred in writing. He has, therefore, a legal right to the office.

Removal deprives him of a valuable possession. It was evidently thought by the legislature that it was best that the board should not have an arbitrary power of removal.

The right to appear by counsel is almost necessary to a fair trial. The testimony of witnesses who cannot be cross-examined is very often unfair, to say the least. Truth is ascertained only when the knowledge of the witness has been sifted by cross-examination. We see no reason to change the views stated in the case above cited.

Proceedings reversed, with fifty dollars costs and disbursements.

LANDON and MAYHAM, JJ., concurred.

Proceedings reversed, with fifty dollars costs and disbursements.