### In re LANEHART.

(Supreme Court, Appellate Division, Second Department. June 28, 1898.)

1. CERTIORARI—CLAIM AGAINST COUNTY—REVIEW.

   If, under a claim presented to a board of supervisors, it clearly appears that the amount to be paid is not a sum agreed upon between the parties, the matter calls for the exercise of judgment and discretion; and the determination of the board will not be reviewed by a court upon certiorari, unless it appears to have been clearly erroneous, and against the weight of the testimony before them.

2. SAME—EVIDENCE.

   If the only testimony in support of such a claim is the affidavit of the claimant, the board is not compelled to accept his statement, although uncontradicted.

Appeal from special term, Queens county.

Application of Louis N. Lanehart for a writ of certiorari directed to the board of supervisors of the county of Queens. From an order denying the application, plaintiff appeals. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

H. A. Monfort, for appellant.
Isaac P. Coale, for respondent.

PER CURIAM. It is well settled that where a claim is presented to a board of supervisors for audit, which the board is required by law to allow at the sums presented, and where its audit is refused or

it is arbitrarily reduced, mandamus is the proper remedy. People v.
Supervisors of Delaware Co., 45 N. Y. 196; People v. Board of Sup'rs ·
of Hamilton Co., 56 Hun, 459, 10 N. Y. Supp. 88. But where the
claim presented vests the auditing body with authority to exercise
judgment, and which requires determination based upon conflicting
testimony and inferences arising therefrom, whatever right of re-
view exists must be by certiorari, and mandamus is improper. Peo-
ple v. Barnes, 114 N. Y. 317, 20 N. E. 609, and 21 N. E. 739. In the
present case, assuming, but not deciding, that the claim presented
was a proper charge against the county of Queens, yet it clearly
appears that the amount to be paid for the service rendered was
not a sum agreed upon between the parties, either express or implied.
Consequently, the measure of compensation for the service was what
the same was reasonably worth. People v. Supervisors of Delaware
Co., supra. The board of supervisors was therefore called upon to
pass upon the claim, and reject or allow, in the exercise of judgment
and discretion; and their determination will not be reviewed by a
court upon certiorari, unless it appears to have been clearly erroneous,
and against the weight of the testimony upon which the board acted.
In the present case it appeared that the only testimony before the
board in support of the claim for its full amount was the affidavit
of the claimant, supported by no other proof. The statement con-·
tained therein was the statement of an interested witness, and is gov-
erned by the same rules as would be applicable in consideration of
his testimony by a court or jury; and, being so interested, the board
were not compelled to accept his statement, although uncontradicted.
Elwood v. Telegraph Co., 45 N. Y. 549; Bank v. Diefendorf, 123 N. Y.
191, 25 N. E. 402. The board were therefore authorized to act upon
their knowledge of such question, and award such sum as, in their
judgment, seemed proper compensation for the service rendered, and
this court would have no authority to review such action.

The motion for the writ was therefore properly denied, and the
order should be affirmed.