In the Matter of the Application of CHARLES KIEHM and ALBERT H. JENNISON, Petitioners, for a Certiorari Order, v. BOARD OF EDUCATION OF THE CITY OF UTICA, N. Y., and EDWARD O. FOLSOM, Secretary of the Said Board, Respondents.

Fourth Department, November 15, 1922.

Certiorari — review of action of board of education in auditing claim of architects — audit of claim at fixed price per day arbitrary and contrary to evidence — Appellate Division limited to facts set out in return where return states that it contains all proceedings.

The action of a board of education in auditing petitioners' claim for services as architects at a fixed rate per day, which rate was the same as that paid by the petitioners for an assistant architect, was without justification, arbitrary and unreasonable and contrary to the evidence, where no evidence was introduced upon the hearing which in any way disputed the validity of the bill filed or the amount thereof; and, therefore, the determination of the board should be modified so as to allow the claim of the petitioners in full.

The Appellate Division is limited to facts set out in the return and cannot assume that the board had other information upon which it based its audit, where the board stated in its return that the return " constitutes all the proceedings taken to make the audit above referred to."

CERTIORARI ORDER granted out of the Supreme Court at the Oneida Special Term, and entered in the office of the clerk of the county of Oneida on the 15th day of August, 1922, directed to the Board of Education of the City of Utica, New York, and Edward O. Folsom, secretary of said board, commanding them to certify and return to the clerk of the county of Oneida all and singular the proceedings had in connection with auditing a bill of the plaintiffs for services rendered said board.

*Merrill, Sisson & Hanagan* [*August Merrill* and *Fred J. Sisson* of counsel], for the petitioners.

*Henry D. Williams, Corporation Counsel* [*Henry D. Williams* and *A. N. Gleason* of counsel], for the respondent.

PER CURIAM:

The Board of Education of the City of Utica refused to audit the claim of the petitioners upon the ground that it did not have authority so to do. Upon return to this court upon the writ of certiorari based upon such action of the board, this court held that the board did have authority to audit the claim, it sustained the writ and directed the board to audit the claim of the petitioners upon the merits. (*People ex rel. Kiehm* v. *Board of Education,* 198 App. Div. 476.) Thereafter various hearings were had and the petitioners furnished evidence to the effect that their claim was just and legal for the sum of $29,904.15. It appeared without dispute that they were employed by the board, that the board availed itself of their services and at one time audited a bill for part of the services rendered at the sum of $15,246, which, however, was never paid. Upon the hearing in this proceeding no evidence was introduced which in any way disputed the validity of the bill filed or the amount thereof. After the close of the evidence the board audited the claim of the petitioners at an arbitrary sum of $12,500, without any basis therefor in the evidence. The only claimed basis for such action is evidence furnished by the petitioners that they employed an architect to work upon the plans with them and that his services were worth to them $15 per day. The board, therefore, allowed to each of the petitioners $15 per day, upon the theory that if the services of the architect employed by them were worth only $15 per day, their services were worth only that amount, although they had the responsibility and burden growing out of furnishing of plans, specifications and estimates which should be suitable and

without error. Such action of the board was entirely without justification, arbitrary and unreasonable.

The return of the board contains a statement that the return " constitutes all the proceedings taken to make the audit above referred to." We are, therefore, limited to the facts set out in the return and cannot assume, as was done in the case of *People ex rel. McMillen* v. *Vanderpoel* (35 App. Div. 73), that the board had other information upon which it based its audit. So far as the record shows, the petitioners were entitled to have their claim audited at the sum of $29,904.15, and there was no justification for arbitrarily auditing it at $12,500.

The determination of the board should be so modified as to allow the claim at the sum of $29,904.15, and as so modified affirmed, with fifty dollars costs and disbursements. (*People ex rel. Groton Co.* v. *Town Board*, 92 Hun, 585.)

All concur.

Determination of board of education modified and claim allowed at $29,904.15, and as so modified the determination is confirmed, with fifty dollars costs and disbursements.