In the Matter of the Application of EDWARD J. BERG, Petitioner, for a Certiorari Order against BOARD OF EDUCATION OF THE CITY OF UTICA, N. Y., and Another, Respondents.

Fourth Department, June 30, 1925.

Schools — certiorari to review action of board of education of city of Utica in auditing claim of architect — determination of board is conclusive if based upon sufficient evidence — project of constructing school building was abandoned before plans were fully completed — contract called for payment of four and one-half per cent on lowest bid when plans were completed — evidence was not sufficient to authorize board to find cost of building on which fees were to be computed — matter remitted to board to make new audit.

The action of the board of education of the city of Utica, in auditing the claim of the petitioner, an architect, for fees alleged to be due the petitioner for the preparation of plans for a school building, would be conclusive if it were based upon sufficient evidence to support it.

Since it appears that under the contract the petitioner was to receive four and one-half per cent, when the plans were completed with scale details, on the basis of the lowest bid for construction, and that the project for the construction of the building was abandoned before the plans were fully completed, the evidence before the board at the time the petitioner's claim was audited should have been such as to show the reasonable cost of the building planned.

However, the evidence presented to the board on which they determined that the petitioner was entitled to $18,000 was not sufficiently definite to support a determination, and, therefore, the matter is remitted to the board for a new audit.

CERTIORARI ORDER granted out of the Supreme Court at the Oneida Special Term and entered in the office ·of the clerk of the county of Oneida on the ———´ day of April, 1924, directed to the board of education of the city of Utica and another, commanding them to certify and return to the office of the clerk of the county of

Oneida all and singular their proceedings had concerning the claim of the petitioner for services as architect.

*Merrill, Sission & Quinn,* for the petitioner.

*Clarence E. Williams, Corporation Counsel,* for the respondents.

Davis, J.:

The petitioner by this proceeding seeks to review the action of the board of education of the city of Utica on his claim for services as architect.

There is little dispute in the facts. It is admitted that in June, 1919, petitioner was employed by the board of education to submit plans for a proposed junior high school; that he made such plans and specifications; that the project of constructing the school was abandoned in April, 1920; and that he is entitled to compensation. Disagreement exists only as to the amount. The petitioner claims that he is entitled to $50,154.61. The board has audited and allowed the claim at $18,000. The true amount depends upon what the building would have cost had it been constructed.

After the dispute arose the board called witnesses before it and made inquiry into the facts, both parties being represented by counsel. It was in effect a trial. The determination of the board being the exercise of a quasi judicial function, would be conclusive if based upon sufficient evidence to support it. (Civ. Prac. Act, § 1304, subd. 5; *Matter of Lanehart,* 32 App. Div. 4; *People ex rel. Oppenheimer Pub. & P. Co.* v. *Pople,* 81 Hun, 383.) If, however, its decision is contrary to the evidence or without justification under the facts established, then this court may modify or annul the determination in the interest of justice to the petitioner. (*Matter of Kiehm* v. *Board of Education,* 203 App. Div. 245; *People ex rel. Groton Co.* v. *Town Board,* 92 Hun, 585; Civ. Prac. Act, § 1304, subds. 4, 5; Id. § 1305.)

We deem it well established that after much had been done on the plans and after many changes in them had been made at the recommendation of the board, a definite agreement was made with petitioner concerning his fees. He was to be paid six per cent commissions on the cost of construction, of which four and one-half per cent was to be paid upon completion of plans with scale details. The remaining one and one-half per cent was to be paid proportionately as the work progressed. The basis of his fee was to be the lowest bid made for construction. His plans were completed and accepted by the board. The petitioner says that all copies of blue prints were not completed when the work was abandoned, and it would have cost him $400 to supply them. This sum would naturally be deducted from the total fee.

The respondents urge upon our attention the evidence that what are called " full size details " are usually a part of the plans for construction of buildings of this character, and petitioner's plans are not complete in that respect.   It seems that when such details are required, they do not constitute a part of the original plans but are usually prepared after the contract is let.   In a contract requiring full size details, it is claimed the customary fee is three and six-tenths per cent instead of four and one-half per cent if these details have not been included in the plans.   But it appears that petitioner's contract required " scale details," not " full size details; " and the fee was definitely fixed.   So the percentage customarily allowed is not important here.

The board abandoned construction of the school because of the high cost.   It seems that construction cost had reached its peak in April, 1920.   Bids for the proposed building were never asked and, therefore, there was never any accurate basis fixed for petitioner's fees.

The petitioner estimates the cost of the building at approximately $1,100,000 by making comparison with a smaller school building erected in Utica about the same time.   This method of determining cost is not entirely reliable and accurate.   The board was not bound to accept these figures.   (*Matter of Lanehart, supra.*)   We are not informed in the record by what method the board reached its decision.   As their basis of cost, they seem to rely on rough estimates they claim petitioner made while at work on his plans. These are vague and hazy suggestions that he estimated the cost at from $500,000 to $600,000.   The evidence is unsatisfactory and inconclusive that such estimates, if ever made, were made after all material changes in the plans had been completed.   It is improbable that any one ever claimed that the building as finally agreed upon could have been erected for $600,000.   In any event, petitioner's early estimates, if established, would not be conclusive on the amount of his fee, which was to be based on the low bid.

The sum allowed by the board is obviously inadequate.   Even if they take the lowest estimate alleged to have been made by petitioner and compute the fee on that, using the four and one-half per cent agreed upon, the result will considerably exceed the sum awarded.   By looking into the evidence we find no competent proof to authorize the determination.   (*People ex rel. McAleer* v. *French,* 119 N. Y. 502, 508.)   The record in such a case as this must show grounds for the determination.   A mere claim of the exercise of discretion and judgment is not sufficient.   (*People ex rel. Haverty* v. *Barker,* 1 App. Div. 532; affd., 149 N. Y. 607.)

There is evidence that the cost would have been about thirty

cents per cubic foot about the time petitioner was employed, or approximately $715,000. It might be said that this sum represented the fair estimate of the cost the board had in mind at the time it agreed with the petitioner concerning his fees; or it may be that the actual cost then contemplated was some other sum. This we cannot determine as a question of law. The fair cost of construction is a question of fact for the board to decide on such information as it now has or that it may acquire on a new hearing.

The determination should be annulled and the matter remitted to the board of education to make a new audit and award in accordance with this opinion, with fifty dollars costs and disbursements to petitioner.

Hubbs, P. J., Clark, Sears and Crouch, JJ., concur.

Determination of board of education annulled, with fifty dollars costs and disbursements to relator [petitioner], and matter remitted to the board to make a new audit and award in accordance with the opinion.